## HUDSPETH *v.* ALLEN and Another.

NOMINAL DAMAGES.—NEW TRIAL.—An omission to assess nominal damages, when there is a mere technical right to recover, is no ground for a new trial.

DECLARATIONS OF A SERVANT.—A contract for the erection of a building provided that the work should be done under the control and superintendence of an architect employed by the owner.

*Held,* that the declarations of the architect, made while in the performance of his duty under the contract, were admissible in evidence on behalf of the contractor.

PRACTICE.—EVIDENCE.—When a witness has been examined by the plaintiff in chief, he cannot, after the defendant has offered evidence to contradict what the witness has said, recall the witness simply to repeat what he said in his first examination.

APPEAL from the *Vanderburgh* Circuit Court.

GREGORY, C. J.—*Hudspeth* sued *Allen* and *Clark* for alleged breaches of a contract for the construction of a tobacco warehouse. The appellees agreed to furnish all the materials and labor necessary in the erection of a warehouse, to be built at *Booneville,* for the plaintiff, according to plans and specifications executed and furnished by *Mursinna & Boyd,* architects, and under their direction and superintendence. The building was to be completed

on a day specified. It was stipulated that any part of the work which, in the judgment of the architects of the owner, was not properly executed, was to be taken down and rebuilt, together with all the work and materials thereby affected, at the expense of the contractors. If the contractors neglected or refused to take down and rebuild the work so disapproved within ten days after being notified, the owner or architects were to cause it to be done by some other tradesman. The defendants were to receive a specified sum, to be paid weekly on the architects' estimate, not to exceed seventy-five per cent. on the amount of materials and labor furnished each week during the progress of the work, and the balance was to be due, and a final settlement made between the parties, when the contract was fulfilled, and the building, with all its appurtenances, was completely finished, to the entire satisfaction of the owner and the architects.

The breaches complained of are, 1. That the defendants did not furnish for the building the best material, but furnished inferior material, which they put into the building, to the damage of the plaintiff $500. 2. That the defendants did not perform the work upon the building in a skillful and workmanlike manner, but, on the contrary, did it in a loose, careless and unworkmanlike manner, to the damage of the plaintiff $5,000. 3. That the defendants failed to have the warehouse completely finished and ready for occupation by the time specified in the contract, but, on the contrary, did not complete the same until long afterwards, to-wit, three months, to the damage of the plaintiff $500. The defendants answered, among other things, the general denial, accord and satisfaction and counter-claim, upon which issues were joined. Trial by jury, motion for a new trial overruled, and judgment.

The first error assigned is that the court below erred in overruling the plaintiff's motion for a new trial. We have carefully reviewed the evidence, and think that the jury were warranted in finding that the plaintiff had not sustained any

substantial damage by the alleged breaches of the contract. An omission to assess nominal damages, where there is a mere technical right to recover, is no ground for a new trial. *Patton v. Hamilton,* 12 Ind. 256; *Jennings* v. *Loring,* 5 Ind. 250.

The testimony shows that the plaintiff paid the defendants the entire contract price for building the warehouse, and that neither he nor the architects at any time required the defendants to take down and rebuild any portion of the work. It therefore cannot be said that there is no evidence from which the jury might have arrived at the conclusion that the building had been completed and accepted by the owner and the architects under the contract.

It is claimed that the court below erred in allowing evidence of the declarations of *Mursinna* & *Boyd* in reference to a change in the third story floor and the shed roof. We deem the testimony immaterial, under the breaches alleged. It is not claimed that any portion of the work was not done according to the plan and specifications, but that it was not done in a workmanlike manner and within the time agreed. The declarations made by the architects, during the performance of their duties under the contract, as to the quality of the materials being used in the building, were, in our opinion, properly admitted to go to the jury by the court below.

It is urged that the court below erred in refusing evidence to contradict the statement of the witness *Allen* as to what the plaintiff had said about the declarations of *Mursinna* in reference to the material used in the shed floor. We do not see that the rejected evidence was of any importance to the plaintiff's case.

It is claimed that the court below erred in refusing to allow the plaintiff to ask the witness *Kelley* "how many braces in the building were loose or too short?" The witness had been introduced and examined by the plaintiff, and had testified on the subject embraced in the question. The defendants had introduced witnesses to contradict the

statements made by *Kelley* in his examination in chief. *Kelley* was recalled by the plaintiff to repeat, in substance, what he had already testified. The court committed no error in rejecting the evidence thus offered.

The judgment is affirmed, with costs.

*J. J. Chandler* and *B. Hynes*, for appellant.

*C. Denby*, for appellees.