No. 7847.

## THE NOBLESVILLE AND EAGLETOWN GRAVEL ROAD COMPANY *v.* GAUSE.

MASTER AND SERVANT.—*Toll-Gate Beam.*—*Toll-Gate Keeper.*—*Injury to Traveller.*—*Respondeat Superior.*—On trial of an action by a traveller against a gravel road company, for injuries received after 9 o'clock P. M., from its toll-gate beam, without the fault of the traveller, the evidence showing that its toll-gate and appliances were at all times in charge of the toll-gate keeper as its only officer or agent, and that his duty to collect toll ceased at 9 o'clock P. M., no inference can be drawn that he ceased to be its servant after that hour, and for an injury negligently inflicted by such agent or servant, the rule of *respondeat superior* must prevail.

SAME.—*Instruction.*—*Servant's Employment.*—In such case, the court rightly refused to instruct the jury, that after 9 P. M." its gate-keeper ceased to be in its employment."

SAME.—*Evidence.*—Instructions must not assume as true facts upon which there is conflicting evidence.

SAME.—*Evidence in Rebuttal.*—*Depositions.*—*Discretion of Trial Court.*—The introduction of evidence in rebuttal is matter much within the discretion of the trial court, and the admission of depositions as such evidence is not an abuse of discretion calling for appellate interference.

SAME.—*Expert.*—*Witness.*—*Physician.*—*Opinion.*—The opinion of a witness shown to be a physician skilled in his profession, and hence entitled to be treated as an expert, is competent evidence as to the probable permanent effects of the injury complained of.

From the Hamilton Circuit Court.

*D. Moss* and *R. R. Stephenson,* for appellant.
*W. Garver* and *R. Graham,* for appellee.

ELLIOTT, J. —We are not required to critically examine the pleadings in this case, as the only questions argued are those arising upon the ruling denying appellant a new trial. In order, however, to understand the force of objections urged against rulings upon instructions, it is necessary to briefly summarize some of the leading facts stated in appellee's complaint, and established by the evidence. The appellant was the owner of a toll-road, had constructed

across it for use as a toll-gate a rude wooden beam of large size, which could be raised or lowered by the gate-keeper. The appellee was riding along said road after night in a vehicle drawn by one horse, driven by her brother; the toll-gate keeper, as the vehicle was passing the gate, let the beam down and inflicted personal injury upon the appellee. There was some evidence tending to show that the gate-keeper was the agent of the gravel road company for the purpose of collecting toll only until 9 o'clock P. M., and that the act complained of happened some time after that hour. There was, however, uncontradicted evidence showing that the gate-keeper was in sole charge of the toll house and gate at all times, and that he was the only agent or officer of the corporation who had control of that property.

We shall follow the order of discussion adopted by counsel, and dispose of the questions as the brief presents them.

Counsel thus state and discuss the first question: "The court erred in refusing to suppress the deposition of Morris, taken in term time; at least it should have been suppressed in part." We have quoted all that is said by counsel upon this question, and we may, we suppose, take it for granted that no reasons are offered in support of their proposition because there were none to offer. We know that the statute authorizes depositions to be taken in term time, and no reason is shown us by counsel why the statute should not apply in this particular case. Act of March 3d, 1877, Acts 1877, Reg. Sess., p. 104.

The second proposition stated by counsel is, in the brief, thus disposed of: "The court erred in permitting portions of Losey's deposition to be read as rebutting evidence." We can not regard this as a discussion of the question suggested, and might properly decline to give the question any consideration. The point may be readily disposed of, however, and we do dispose of it by holding that the introduction of evidence in rebuttal is matter much within the dis-

cretion of the trial court, and it is only where there is an abuse of discretion that appellate courts will interfere. We are unable to perceive that there was any abuse of discretion in this instance.

It is insisted that the court improperly allowed a medical witness to express an opinion as to the probable permanent effect of the personal injury received by the appellee. There was no error in this. The witness was shown to be sufficiently skilled in his profession to be entitled to be treated as an expert, and his opinion was, therefore, competent.

The appellant complains of the refusal to give the second instruction asked by it. That instruction is as follows : "If you find from the evidence, that the defendant only required its gate-keeper to take toll on its road from 5 o'clock A. M. until 9 o'clock P. M., after the last-named hour, its gate-keeper ceased to be in its employment." The court did right in refusing this instruction. It was not relevant to the case made by the evidence, for there is no evidence showing that the gate-keeper's employment ceased at 9 o'clock P. M. of each day. The gate-keeper was in charge of the toll-house and appurtenances, and his duty was a continuous one, not terminating at any particular hour of the day. The gate was entrusted to his management at all hours, and he was, therefore, at all times the servant of the company, so far as the care and management of the gate were concerned, whether his right to gather toll did, or did not, cease at 9 o'clock of each night. The instruction was rightly refused, for the further reason that it narrows the question of employment to the continuance of the right to collect toll. It may well have been, that the duties of the servant extended beyond the hours prescribed for taking toll, for he was put in exclusive charge of the toll-house and its appurtenances, and it would have been erroneous to have confined the question of agency to the right to gather toll. A further reason justifying its refusal is, that the law upon

the subject of master and servant was correctly stated in the instructions given by the court, and quite as favorably to appellant as counsel had a right to ask.

The third instruction asked is, in effect, the same as the second, and, for reasons just given, was properly refused.

Counsel have cited cases declaring the familiar rule, that a master is responsible for the acts of the servant only when the latter is acting within the scope of his employment, but this was an unnecessary work, for the general rule is too well settled and understood to need support from adjudged cases. The question here is not as to the general rule, but as to whether these particular instructions express and apply it correctly. The general rule is not questioned, but the question is whether the appellant's instructions gave it a proper application. It is very apparent, in this case, that the servant's duty did not terminate with gathering each day's toll, but that it extended to the control of the gate and its appliances, and if, while managing them for the master, he negligently inflicted an injury upon a traveller, who was free from fault, the rule of *respondeat superior* must prevail.

Counsel say, and it is all they do say, of the ninth instruction asked by them : "The court erred in refusing to give the ninth instruction asked by the appellant. It is too clearly the law to require the citation of authorities. There was testimony tending to prove contributory negligence." We think there was no error in refusing this instruction. It violates the rule that instructions must not assume, as true, facts upon which there is conflicting testimony, for some material facts are assumed. So far forth as it is correct, it was substantially embodied in the instructions of the court, and especially in the fourth instruction, given upon the request of the appellant.

Judgment affirmed, at costs of appellant.