Helfrich *et al. v.* Williams.

------

No. 9162.

HELFRICH ET AL. *v.* WILLIAMS.

NEGLIGENCE.—*Master and Servant.—Personal Injury.—Complaint.*—A complaint by a servant against his master, for personal injuries caused by the negligence of another, must state facts to show the master's liability.

SAME.—A master is not liable for the negligent act of a servant, unless done in or in connection with the service.

SAME.—*Complaint before Justice of the Peace.*—A complaint is not good, though before a justice, which charges that while the plaintiff was handling logs, in the employ of the defendant, about a mill, and without fault of his own, another servant of the defendant, not in the same line of employment, carelessly rolled a log upon the plaintiff, causing him injury.

From the Vanderburgh Circuit Court.

*P. Maier* and *G. Palmer,* for appellants.

*R. A. Hill,* for appellee.

WOODS, C. J.—Action by appellee against the appellants, commenced before a justice of the peace, and, after two trials before the justice, appealed to the circuit court, in which the appellee recovered a judgment for $100.

The appellants have assigned error upon the decision of the circuit court in overruling their demurrer, for want of facts, to the complaint.

The allegations of the complaint, so far as necessary to be stated, are as follows: "That the defendants are partners, engaged in the operation and running of a certain saw-mill; that, in the year 1880, the plaintiff was in the employ of the defendants, engaged in and about the handling of logs in and about said mill; and while so engaged in his. said employment, and without any carelessness on his part, a certain employee of the defendants, not engaged in the same line of employment as the plaintiff, carelessly and negligently rolled and permitted a certain log then in said mill to roll against and upon this plaintiff with such force and violence that the plaintiff was bruised," etc. Wherefore, etc.

We deem these averments insufficient, though in a complaint before a justice of the peace, to show a cause of action. It is not alleged that the defendants were guilty of negligence; it is sought to hold them responsible for the negligence of another, and the only averment to connect them with that other is that he was their employee. In what work or agency he was employed is not alleged. If it is to be inferred that he was employed in and about the handling of logs in the mill of the defendants, it inevitably follows that he was in the same line of employment as the appellee; that is to say, was his fellow-servant, and the defendants are not responsible for the consequences to the appellee of his negligence.

It is directly alleged, however, that the negligent party was not in the same line of employment as the plaintiff; and this being so, and it being shown that the plaintiff was employed · in handling logs, and was injured by the rolling of a log against him, it was necessary for him to show, if it is conceivable how it could be, that another servant in another line of employment had caused the injury in such a way as to make the master liable.

A master is not liable for any act of negligence of his ser-

vant. It must be an act of negligence committed while engaged in the service, and in some way connected with the doing of the service. Wood Master and Servant, p. 538, sec. 281 ; *Jeffersonville R. R. Co.* v. *Rogers,* 38 Ind. 116 (10 Am. R. 103) ; *Indianapolis, etc., R. W. Co.* v. *Anthony,* 43 Ind. 183 ; *Evansville, etc., R. R. Co.* v. *Baum,* 26 Ind. 70 ; *Wright* v. *Compton,* 53 Ind. 337 ; *Am. Ex. Co.* v. *Patterson,* 73 Ind. 430 ; *Ohio, etc., R. R. Co.* v. *Collarn,* 73 Ind. 261 (38 Am. R. 134).

If, for instance, the defendants had a bookkeeper, and, without authority, he left his books and went to intermeddling with the logs, and thereby injured the plaintiff, it is clear that the defendants should not be held liable for the injury ; and if, on the other hand, the bookkeeper was directed by proper authority to assist in handling a log, and, while he was so doing, he caused the injury, he would, for the time being, be a fellow-servant, and the master not liable, unless guilty of negligence in permitting such employment of a servant, knowing his unfitness for the work ; and, if such fact is relied on, it should be alleged in the complaint.

A complaint before a justice of the peace, by at least a fair intendment, must show a *prima facie* cause of action. By all fair intendments, upon the facts averred in this complaint, the defendants were not responsible for the alleged injury.

Judgment reversed, with instructions to sustain the demurrer to the complaint.