Evansville and Terre Haute Railway Company *v.* McKee.

No. 11,371.

EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY
*v.* McKEE.

RAILROADS.—*Principal and Agent.—Liability for Acts of Agent.—Torts.*—
Where a railroad company employs an agent to detect, arrest and pros-
ecute persons who unlawfully obstruct its track, and the agent, acting
in the scope of his employment, arrests an innocent person, the railroad
company is liable therefor.

From the Knox Circuit Court.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellant.

*G. G. Reily, W. C. Niblack, W. R. Gardiner* and *S. H.
Taylor,* for appellee.

ELLIOTT, J.—The complaint of the appellee contains,
among others, the following allegations:

"Plaintiff further says that the defendant Dwyer was at
the day aforesaid, and for more than a year prior thereto had
been, the agent and employee of said railroad company for the
purpose of detecting, arresting and prosecuting all persons
who should, in any way, unlawfully obstruct the railroad
aforesaid in said county. That on the — day of November,
1882, the railroad track aforesaid was obstructed by some
person or persons unknown to this plaintiff, and without his
knowledge, direction or consent, and thereupon said railroad
company directed the defendant Dwyer to arrest the persons
who had so obstructed said road and cause them to be crimi-
nally prosecuted for such obstructions in the courts of said
county; that pursuant to said direction so received from said
company, and in the discharge of his authority as the agent
and employee of said railroad company as aforesaid, the de-
fendant Dwyer thereupon proceeded to detect and arrest and
prosecute criminally in the courts of said county the person
or persons who had so obstructed the railroad aforesaid, and
in so doing said Dwyer assaulted, arrested and falsely im-
prisoned plaintiff at said county on the — day of December,

1882, without any legal authority so to do, upon the charge made by said Dwyer against him, said plaintiff, of unlawfully obstructing said railroad in said county at the day the same was obstructed, as aforesaid, to wit, on the — day of November, 1882; that thereupon said Dwyer placed handcuffs upon his wrists, and in company with others, in said Dwyer's employ, by threats of personal violence to him, said plaintiff, and by catching hold of the plaintiff's person, compelled the plaintiff to go with him, said Dwyer, from his home in Knox county, Indiana, distant from Emison's Station about three miles, to said station, in the night over a dark road, in the woods where it was cold and disagreeable, at which station said Dwyer compelled said plaintiff to get into a car on said railroad provided by said railroad company for that purpose, and said Dwyer thereupon, by means of said car, carried said plaintiff upon said railroad a distance of ten miles, at which point said Dwyer put said plaintiff off of said car in the woods, in the middle of the night, and in the darkest kind of a night, from which point said plaintiff was compelled to and did wander home, a distance of twelve miles, on foot as best he could."

The appellant, in support of its assault upon the complaint, invokes the general rule, that a principal is not responsible for the torts of an agent unless committed while engaged in the performance of duties within the scope of his agency. This general rule is too well settled and too firmly grounded in principle to be the subject of debate, and if this case is within it there is no necessity for discussion. But whether the case is within the rule is the question, and not whether there is such a rule as that asserted.

The liability of the principal is not affected by the fact that the tort was wilfully committed, for it is now firmly settled that whether the wrong results from negligence or is the product of wilfulness, the principal is responsible if it was committed within the line of the agent's duty. *Indiana, etc., R. W. Co.* v. *Burdge*, 94 Ind. 46; *Louisville, etc., R. R. Co.* v.

*Kelly*, 92 Ind. 371; S. C., 47 Am. R. 149; *Terre Haute, etc., R. R. Co.* v. *Jackson*, 81 Ind. 19; *Am. Ex. Co.* v. *Patterson*, 73 Ind. 430; *Pittsburgh, etc., R. R. Co.* v. *Theobald*, 51 Ind. 246; *Indianapolis, etc., R. W. Co.* v. *Anthony*, 43 Ind. 183; *Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116; S. C., 10 Am. R. 103; *Stewart* v. *Brooklyn, etc., R. R. Co.*, 90 N. Y. 588; S. C., 43 Am. R. 185; *Hoffman* v. *New York Cent., etc., R. R. Co.*, 87 N. Y. 25; S. C., 41 Am. R. 337; *Quigley* v. *Central Pacific R. R. Co.*, 11 Nev. 350; *vide* p. 364; *Chicago, etc., R. R. Co.* v. *Flexman*, 103 Ill. 546; S. C., 42 Am. R. 33.

A principal is responsible for the acts of the agent performed within the line of his duty, whether the particular act was or was not directly authorized. *Louisville, etc., R. R. Co.* v. *Kelly, supra; Terre Haute, etc., R. R. Co.* v. *Jackson, supra; Am. Ex. Co.* v. *Patterson, supra; Noblesville, etc., G. R. Co.* v. *Gause*, 76 Ind. 142; S. C., 40 Am. R. 224. In speaking of a question like the one before us, the Court of Appeals of New York said: "It matters not that he" (the agent) "exceeded the powers conferred upon him by his principal, and that he did an act which the principal was not authorized to do, so long as he acted in the line of his duty, or being engaged in the service of the defendant, attempted to perform a duty pertaining, or which he believed to pertain to that service." *Lynch* v. *Metropolitan, etc., R. W. Co.*, 90 N. Y. 77 (43 Am. R. 141). It may be that the statement we have quoted needs some qualification, for we suppose that the belief of the agent would not make the principal responsible if it was in fact not well founded, but in the main the statement correctly states the law.

The rules we have stated lead to the conclusion that the principal is liable for the tort of the agent, where the particular act, although wilful and not directly authorized, was within the line of the agent's duty; but if the act was an independent one, and not within the scope of the agency, the person injured can not compel the principal to respond in damages. It results from these fundamental doctrines, that where

the principal confers a general authority upon the agent to make arrests for injuries to property, and the agent, in exercising that general authority, forcibly and wrongfully arrests an innocent person, the principal who conferred the general authority is liable for the injury consequent upon the wrongful act. There are cases fully recognizing the principle upon which this conclusion is founded. The English statute authorizes the servants of railway companies to make arrests in certain cases, and it was held, in *Goff* v. *Great Northern R. W. Co.*, 30 L. J. C. L. 148, that a railway corporation was responsible for the tort of its servants in arresting and imprisoning an innocent man. Addison, in commenting upon the general doctrine, says: "In the ordinary course of affairs, the company must determine whether they will submit to what they believe to be an imposition, or use this summary power for their protection; and as the decision whether a particular passenger shall be arrested or not must be made without delay, it must be presumed that the officers of the company charged with the management of traffic have authority to determine whether passengers are to be taken into custody for this offence; and if by mistake an innocent person is apprehended by order of the superintendent, the company will be answerable for the wrong done." - 2 Addison Torts, section 817.

This principle applies here, for the question is not as to the name or station of the agent, but whether the particular act was within the line of his agency. Where the particular act is within the scope of the agency, then it is, in legal contemplation, the act of the principal, no matter by what name the agent is designated. The material element is the authority of the agent, and not his mere name or position. *Terre Haute, etc., R. R. Co.* v. *McMurray*, 98 Ind. 358; *Chicago, etc., R. W. Co.* v. *Ross*, 31 Alb. L. J. 8. In *Chicago City R. W. Co.* v. *McMahon*, 103 Ill. 485, S. C., 42 Am. R. 29, a man was employed to gather up evidence for the company in a pending action, and while engaged in that ser-

Evansville and Terre Haute Railway Company v. McKee.

vice offered a bribe to a witness, and it was held that his act was that of his employer. In the course of the opinion it was said: "He was empowered generally to perform that duty, without special directions. That part of the business of the company was placed in his charge, with the general authority to use his judgment in its performance. His acts, therefore, were the acts of the company within the scope of his employment. His legal authority, of course, but extended to lawful acts. So it is true of all agencies, as they are not appointed for the purpose of committing wrongs, or the performance of illegal acts, except in rare cases. Few actions would be maintainable if a recovery could be had only in cases where express authority is given, or the agent required, to commit the wrong." The case of *Galveston, etc., R. W. Co.* v. *Donahoe,* 56 Texas, 162, asserts the same general doctrine in a very emphatic way. There the conductor caused the arrest of a passenger who had offered in payment of his fare what the conductor supposed to be a counterfeit bank note, and it was held that the company was liable. The case of *Lynch* v. *Metropolitan, etc., R. W. Co., supra,* holds that a railway company is liable to an action for false imprisonment, where its servants wrongfully caused the arrest and imprisonment of a person who was endeavoring to enter one of the stations of the company in violation of its rules. The decision in *Am. Ex. Co.* v. *Patterson, supra,* is fully in point here, and really rules the case. It was there said in speaking of the authority of the corporation to employ agents to make arrests, and of the liability of the corporation for the torts of the person so employed, that "Such companies must be deemed to be empowered to employ agents to do such work, as much as to accomplish its ordinary purposes and business. It sufficiently appears that the defendant corporation did employ, instigate and procure the action of Hazen, as set forth. From this it necessarily follows that the company must be held liable for any trespass committed by her said agent in the prosecution of that employment." A corporation, which selects an agent and

gives him charge of a special department of its affairs, is responsible for the acts of the agent performed while engaged in the line of his duties, although the particular act may not have been authorized.    This responsibility is not confined to acts rightfully performed, but extends to such as are wrongfully done.  The test of responsibility is not whether the particular act was rightfully done and specifically authorized, but whether it was within the scope of the agent's authority. Where, as here, the corporation employs an agent for the purpose of arresting persons who do injury to its property, it is answerable for the tort of the agent who wrongfully arrests one who has committed no offence. 22 Albany L. J. 484.

The case of *Helfrich* v. *Williams*, 84 Ind. 553, so much relied on by the appellant, does not antagonize our conclusion. In that case the point decided was that a complaint against the principal was not good unless it alleged that the negligent act was committed by the agent within the line of his duty. So we hold here.    We do not hold the appellant responsible for the tort of Dwyer, simply because he was its agent, but we hold it liable for the reason that he committed the tort while engaged in his principal's service, and within the line of his duty.

Dwyer testified, among other things, that "Mr. Hepburn, superintendent of defendant, directed me to go and hunt up any person I found guilty;" and there was other evidence tending to show the employment.   The fact that the agent arrested a person not guilty does not relieve the principal from liability, for the delegation of authority to arrest persons deemed guilty by the agent committed to him a broad general power, and, if the agent, in attempting to exercise that power, did another injury, the principal must answer in damages.  It was not necessary for the appellee to prove that the injury resulted from a rightful attempt to exercise the authority conferred, for whether the attempt was rightful or wrongful the injured person may compel the principal to respond in damages for an illegal injury inflicted in the exer-

cise of the general authority. The question is not whether the act of the agent was a rightful exercise of the duty he owed his principal, but whether it was within the general line of his employment.

The evidence very satisfactorily shows that the arrest of the appellee was made while Dwyer was engaged in the general line of his duty, for it shows that he was at the time searching for persons who had illegally obstructed the appellant's track. There are facts from which it may well be inferred that the arrest of McKee was not for an independent crime, but for an offence against the corporation. It is sufficient, if the facts proved supply reasonable grounds for the necessary inferences, and here the evidence does supply such grounds. It is not necessary to make out a case by positive evidence. *Indianapolis, etc., R. R. Co.* v. *Collingwood,* 71 Ind. 476 ; *Indianapolis, etc., R. W. Co.* v. *Thomas,* 84 Ind. 194; *Hedrick* v. *D. M. Osborne & Co., ante,* p. 143.

Judgment affirmed.

Filed Jan. 21, 1885.