No. 11,585.

## THE PENNSYLVANIA COMPANY v. WEDDLE.

RAILROADS.—*Principal and Agent.— Liability for Acts of Agent.—Torts.—* Where a corporation employs an agent to detect and arrest offenders against its property, and such agent, acting within the general scope of his employment, arrests an innocent man, such corporation is liable therefor, although the particular act was not directly authorized.

SAME.—*Evidence.—Declarations of Agent.—*In an action by the injured person for damages, he may give in evidence the declarations of the agent made at the time of the arrest.

MALICIOUS PROSECUTION.— *Good Character of Plaintiff.—*Evidence of the good character of the plaintiff, in actions for malicious prosecution, is competent.

The Pennsylvania Company *v.* Weddle.

SAME.—*Evidence.—Probable Cause.*—Evidence of information received before preferring the charge, by the person who institutes a prosecution for a criminal offence, and tending to establish the guilt of the person prosecuted, is competent as to the question of probable cause, but evidence of information received after the charge has been preferred is not.

SAME.—*Province of Court and Jury.—Instructions.—Hypothetical Statement.*—In an action for malicious prosecution, if the facts are not disputed, the court must decide as matter of law, whether they constitute probable cause; but where the facts are disputed the court must hypothetically state the material facts which there is evidence fairly tending to prove, and positively direct as to the law thereon, leaving to the jury to determine the existence or non-existence of the facts.

INCOMPLETE INSTRUCTIONS.—Instructions which profess to fully state the law upon a particular subject, but which omit some material fact, essential to the validity of the hypothesis, may be properly refused.

From the Bartholomew Circuit Court.

*S. Stansifer,* for appellant.

*G. W. Cooper, C. B. Cooper* and *M. D. Emig,* for appellee.

ELLIOTT, J.—The questions in this case arise on the ruling denying appellant a new trial. The material facts which the evidence tended to establish are these: The appellee was arrested upon an affidavit made by James H. Mowatt and was cast into prison where he remained for thirteen days, and was then discharged without a trial. Mowatt had been employed, as is stated in answer to interrogatories propounded by the appellee, " about the middle of August, 1883, as a detective, for the purpose, in connection with the aid and assistance of the proper local police officers, of detecting, and to aid in procuring the punishment of persons not merely supposed by him, or other said officers, to be guilty of crimes against the property of defendant, but his employment and instructions were to investigate fully and fairly all the facts and circumstances, and to make report and only arrest upon the direction of the attorneys or officers of the corporation." Prior to Mowatt's appointment, February 6th, 1883, a box of shoes was stolen from appellant's cars, and the affidavit of Mowatt charged the appellee with the larceny and caused his arrest and imprisonment. The shoes were not stolen by the appel-

lee, but were stolen by John Bradley and Sanford Osborn, who were convicted, upon their own confession, and sent to the State's prison. The thieves, after taking a number of shoes from the box, threw it and its contents into Flat Rock river. The river was then very high and the box was carried down and lodged upon an island from which the water receded as the river fell to its usual stage. John Ferguson and the appellee, while engaged in taking driftwood from the river, found the box. They made no concealment of that fact; they informed the first person they met that they had found a box of shoes; they carried some of them to town and gave notice to many persons of the finding, among others, to the judge of the circuit court. But while there was evidence tending to establish these facts, there was conflict upon some points, and there was also evidence tending to prove other facts favorable to the appellant.

There are several general propositions which are now well settled, and these propositions we state at the outset without amplifying them or applying them in detail to the evidence, for it is apparent from their statement that they exert a controlling influence upon the case in judgment:

*First.* An action for malicious prosecution, or for false imprisonment, may be maintained against a corporation. *Evansville, etc., R. R. Co.* v. *McKee,* 99 Ind. 519; *American Ex. Co.* v. *Patterson,* 73 Ind. 430; *Goodspeed* v. *East Haddam Bank,* 22 Conn. 530; *Ricord* v. *Central Pacific R. R. Co.,* 15 Nev. 167; *Edwards* v. *Midland R. W. Co.,* 1 Am. & Eng. R. R. Cases, 571; *Iron Mountain Bank* v. *Mercantile Bank,* 4 Mo. Ap. 505; *Williams* v. *Planters' Ins. Co.,* 57 Miss. 759; *Carter* v. *Howe Machine Co.,* 51 Md. 290.

*Second.* A corporation is responsible for the acts of an agent performed while engaged in the discharge of duties within the general scope of his agency, although the particular act was wilful and was not directly authorized. *Evansville, etc., R. R. Co.* v. *McKee, supra; Louisville, etc., R. R.*

*Co.* v. *Kelly,* 92 Ind. 371; S. C., 47 Am. R. 179; *Terre Haute, etc., R. R. Co.* v. *Jackson,* 81 Ind. 19.

*Third.* A corporation that entrusts a general duty to an agent is responsible to an injured person for damages flowing from the agent's wrongful act, done in the course of his general authority, although in doing the particular act the agent may have failed in his duty to the principal, and may have disobeyed instructions. Story Agency, section 73; *Higgins* v. *Watervliet, etc., R. R. Co.,* 46 N. Y. 23; S. C., 7 Am. R. 293; *Evansville, etc., R. R. Co.* v. *McKee, supra;* Pierce R. R. 277; 2 Rorer R. R. 821.

*Fourth.* A principal who selects an agent to detect and arrest offenders is responsible for the acts of the agent committed within the general scope of his employment, although the agent may have done an unlawful act and have arrested an innocent man. *Evansville, etc., R. R. Co.* v. *McKee, supra,* and authorities cited.

It was proper to permit the appellee to give in evidence the declarations of Mowatt made at the time he arrested the appellee. Two valid reasons support this conclusion: 1st. Where an act is competent, so, also, are the declarations of the persons engaged in its performance and constituting a part of the thing done. *Creighton* v. *Hoppis,* 99 Ind. 369; *Baker* v. *Gausin,* 76 Ind. 317. 2d. The declarations of an agent, made at the time he is actually engaged in the performance of an act within the line of his duty, are admissible against the principal. *Trustees, etc.,* v. *Bledsoe,* 5 Ind. 133; *Hudspeth* v. *Allen,* 26 Ind. 165; *Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185; *Hynds* v. *Hays,* 25 Ind. 31; *Hunter* v. *Leavitt,* 36 Ind. 141; *Heller* v. *Crawford,* 37 Ind. 279; 1 Greenl. Ev., sections 113, 114.

Evidence of the good character of the plaintiff, in actions for malicious prosecution, is competent. *American Ex. Co.* v. *Patterson,* 73 Ind. 430, *vide* p. 438; *Blizzard* v. *Hays,* 46 Ind. 166; *Shannon* v. *Spencer,* 1 Blackf. 526; *Israel* v. *Brooks,* 23 Ill. 526.

Evidence of information received by the person who institutes a prosecution for a criminal offence, before preferring the charge, and tending to establish the guilt of the person prosecuted, is competent for the purpose of enabling the jury to determine whether there was probable cause for the prosecution; but evidence of information received after the charge has been preferred is not competent for that purpose. Information, in order to be competent for this purpose, must have been imparted to the person who instigated the prosecution before he preferred the charge. The facts known to the person making the charge at the time it is preferred are the ones which exert a controlling influence, and not information subsequently received. In determining the question whether there was or was not probable cause, the influences which were at work at the time the prosecution was instituted are those which must control the investigation. "Probable cause," says the Supreme Court of Massachusetts, "is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested is guilty." *Bacon* v. *Towne*, 4 Cush. 217, *vide* op. 238. Hilliard says: "Those facts and circumstances which were known to the prosecutor at the time he instituted the prosecution are to be alone considered, in determining the question of probable cause." 1 Hill. Torts 451. Much to the same effect is the statement of Professor Greenleaf: "And, in either case, it must appear that the facts, or so much of them as was sufficient to induce the belief, were communicated to the defendant before he commenced the prosecution or suit." 2 Greenl. Ev., section 454. In *Galloway* v. *Stewart*, 49 Ind. 156, it was held that the facts constituting probable cause must be known to the prosecutor at the time he prefers the charge, and it was said: "That the facts constituting probable cause must be known to the party preferring the charge, is expressly stated in some of the cases in this court, and is clearly implied in others."

The Pennsylvania Company v. Weddle.

The prosecution against the appellee was commenced when the affidavit was filed and the warrant issued. The authorities go farther, for they declare that the prosecution is so far set on foot as to give a cause of action when the affidavit making the charge is filed, even though no warrant was issued. *Coffey* v. *Myers,* 84 Ind. 105, and authorities cited. The cause of action was, therefore, vested in the appellee when the charge was preferred.

The case of *Turpin* v. *Remy,* 3 Blackf. 210, does not decide that it is essential to the maintenance of an action for a malicious prosecution to show that there was an arrest, but does decide that the action can only be maintained for the malicious prosecution of the plaintiff before some judicial officer or tribunal. This court has adopted the doctrine of Blackstone, Hilliard, and other text-writers, that it is not essential that an arrest should be made in order to create a cause of action, and in this it is well sustained by the adjudged cases. *Coffey* v. *Myers, supra,* and authorities cited; *Stancliff* v. *Palmeter,* 18 Ind. 321; *Collins* v. *Love,* 7 Blackf. 416; *Stapp* v. *Partlow,* Dudley (Ga.) 176; *Closson* v. *Staples,* 42 Vt. 209; S. C., 1 Am. R. 316.

In the well considered case of *Elsee* v. *Smith,* 2 Chitty R. 304, BAYLEY, J., said, in speaking of a party who prefers a criminal charge: "but if he falsely and maliciously, and without any probable cause, puts the law in motion, that is properly the subject of an action on the case." Our cases have, indeed, gone so far as to hold that an action for malicious prosecution will lie although no arrest could have been made. *Lockenour* v. *Sides,* 57 Ind. 360; S. C., 26 Am. R. 58; *Mc-Cardle* v. *McGinley,* 86 Ind. 538. This doctrine is well sustained by authority. *Pedro* v. *Barrett,* 1 Ld. Raymond, 81; *Norris* v. *Palmer,* 2 Modern, 51; *Closson* v. *Staples, supra;* *Marbourg* v. *Smith,* 11 Kan. 554; *Burnap* v. *Albert,* Taney C. C. Dec. 244; *Whipple* v. *Fuller,* 11 Conn. 582; *Cox* v. *Taylor,* 10 B. Mon. 17; *Easton* v. *Bank, etc.,* 31 Albany L. J. 63.

The appellant asked several instructions upon the subject.

of probable cause, and endeavored to secure from the court a declaration of the law upon the facts hypothetically assumed in the instructions, but the court refused to give them to the jury. We are inclined to think that most, if not all, of the instructions asked by the appellant were too narrow in their assumption of the facts proved, and that, for this reason, there was no error in refusing them, although they were correct in asserting that the question of what facts constitute probable cause is one of law to be decided by the court. Instructions which profess to fully state the law upon a particular subject are faulty if they omit any material fact essential to the validity of the hypothesis.

The instructions given by the court upon the subject of probable cause left to the jury the question of whether the facts constituted probable cause. This was error. It was for the jury to find the facts, and for the court to decide whether or not the facts constituted probable cause for the prosecution. The authorities are well agreed that whether the facts proved or assumed do or do not constitute probable cause, is a question of law to be decided by the court, and not by the jury. In *Brown* v. *Connelly*, 5 Blackf. 390, it was said: "Whether any given facts amount to a probable cause for the prosecution, is a question of law. *Johnstone* v. *Sutton*, 1 T. R. 545; *Blachford* v. *Dod*, 2 B. & A. 179." The court, in *Panton* v. *Williams*, 2 G. & D. 504, said: "It is the duty of the judge to inform the jury, if they find the facts to be proved, and the inferences to be warranted by such facts, the same do or do not amount to reasonable or probable cause, so as thereby to leave the question of fact to the jury, and the abstract question of law to the judge." The same doctrine is thus expressed by another court: "Whether the circumstances alleged to show it probable are true and existed, is a matter of fact for the jury. But whether, supposing them true, they amount to probable cause, is a question of law for the court." By the same court it was said: "Either party, upon request, would have been entitled to a

direct and specific instruction from the presiding judge, as to whether the alleged facts set up in defence, if proved, did or did not show want of probable cause." *Humphries* v. *Parker*, 52 Maine, 502; *Pullen* v. *Glidden*, 68 Maine, 559. In a note to the text the American editor of Addison on Torts, says: "What facts and circumstances amount to probable cause, is wholly a question for the court." 2 Addison Torts (Wood's ed.), section 853, n. Another author says: "The existence of reasonable and probable cause is a question of law for the judge." Moak's Underhill Torts, 166. By another author it is said of the question of probable cause, that "it is now conclusively settled that it is one of law." Prof. Jury Trials, section 271. On the same subject still another author says, in speaking of the question of probable cause, that "It is to be determined by the court as a question of law." Wells Questions of Law and Fact, section 291. The rule upon the subject is, for practical purposes, rather better stated by Hilliard than by the other authors. This author says: "If there are contested facts, he" (the judge) "should charge the jury hypothetically, upon the state of facts claimed by each party." At another place it is said: "A party has a right to the opinion of the court distinctly on the law, on the supposition that he has established, to the satisfaction of the jury, certain facts." 1 Hill. Torts, 460, sec. 23. It would not be profitable to cite the cases upon this subject, and we refer only to a few of the many which we have examined. *Vinal* v. *Core*, 18 West Va. 1; *Stewart* v. *Sonneborn*, 98 U. S. 187; *Cole* v. *Curtis*, 16 Minn. 182; *Driggs* v. *Burton*, 44 Vt. 124; *Grant* v. *Moore*, 29 Cal. 644.

In a limited sense, the question of whether there is or is not probable cause is one of mixed law and fact, but it is not so in such a sense as to permit the court to surrender its function of deciding questions of law, nor to usurp that of the jury to decide questions of fact. The question is one of mixed law and fact thus far, and no farther, namely: When the facts

are contested, the jury decides the contest as to the facts, but in all cases the court instructs them as to the law upon the facts. In *Pangburn* v. *Bull*, 1 Wend. 345, it was said: "The court below erred in submitting both the law and the fact to the jury." A like ruling was made in *McCormick* v. *Sisson*, 7 Cowen, 715, and in speaking of these decisions the court said, in the subsequent case of *Masten* v. *Deyo*, 2 Wend. 424: "They do not disapprove of *submitting* such questions to the jury, but they condemn the *manner* in which they were submitted. They by no means imply that the court ought to assume the province of the jury and pass upon the facts, in case facts are in dispute; but they disapprove of the surrender by the court of its own function—the exercise of the right to pronounce the law to the jury." In speaking of this subject, the Supreme Court of the United States said: "It is true that what amounts to probable cause is a question of law in a very important sense." After citing some authorities, the court further said: "It is, therefore, generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not." *Stewart* v. *Sonneborn, supra.* It was said by DUER, J., in *Bulkeley* v. *Smith*, 2 Duer, 261, that "It is true, it is said, by many of the text-writers, that probable cause is 'a mixed question of law and fact;' and, misled by this statement, it not unfrequently happens that judges content themselves with defining a probable cause, leaving the jury to decide whether the facts of the case correspond with the definition, which is, in effect, leaving the whole matter to their determination. It is evident, however, upon reflection, that the deceptive phrase, 'a mixed question of law and fact,' is either wholly unmeaning, or is intelligible and true only in a sense which renders it just as applicable to every question of law that a judge in the progress of a trial can be required to determine." In a subsequent part of the opinion, the court said: "If, instead of such a direction, he leaves it

to the jury to determine not only whether the facts alleged by the plaintiff are true, but whether, if true, they prove a want of probable cause, he abjures his own functions, and commits a fatal error." In the course of the opinion in *Cole* v. *Curtis, supra,* it was said : " What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court, the latter for the jury. This subject must necessarily be submitted to the jury when the facts are in controversy, the court instructing them what the law is. *Stone* v. *Crocker,* 24 Pick. 81 ; 2 Greenl. Ev., section 454 ; *Center* v. *Spring,* 2 Iowa, 393 ; *Ash* v. *Marlow,* 20 Ohio, 119 ; *Blachford* v. *Dod,* 2 B. & A. 179 (22 Eng. C. L. 52) ; *Kidder* v. *Parkhurst,* 3 Allen, 393." The case of *Potter* v. *Seale,* 8 Cal. 217, declares that " Whether the alleged circumstances existed or not, is simply a question of fact, and conceding their existence, whether or not they constitute probable cause is a question of law." To the same effect are the cases of *Israel* v. *Brooks,* 23 Ill. 526, *Wade* v. *Walden,* 23 Ill. 369, *Grant* v. *Moore,* 29 Cal. 644, see op. 649.

It is clear from the authorities, that where the facts are not disputed the court must decide, as matter of law, whether they do or do not constitute probable cause ; but where they are disputed, then the court must hypothetically state the material facts which there is evidence fairly tending to prove, and positively direct as to the law upon the assumed state of facts. Where the evidence is conflicting, the court must charge the law upon the conflicting theories, and in no event leave the question of law to be decided by the jury, since that would be a surrender of the functions of the judge, which the law will not allow him to make. A judge can neither evade nor escape the duty of declaring the law to the jury. The two provinces of court and jury are essentially distinct, and the court, while not allowed to decide questions of fact, can not abdicate its own functions by leaving to the jury the decision of questions of law. The confusion into which a few of the

courts have fallen is attributable to the fact that they have lost sight of the distinction between the two provinces, and have forgotten that there are in almost every case two elements, one of law and one of fact, of which one is wholly within the province of the court, and the other within the province of the jury. The question of probable cause is often a composite one, since the dispute may be both as to the law and as to the facts, but this does not change the respective duties of court and jury, for the dispute as to the law is to be settled by the court; while the dispute as to the facts is to be settled by the jury.

In the case at bar, the theory of the trial court was radically wrong. The facts hypothetically assumed in the instructions were not only such as tended to establish probable cause, but were, if true, such as in law did constitute probable cause. It was, therefore, the duty of the court to instruct the jury, not that the facts assumed might be considered as tending to establish probable cause, but that they did in law constitute probable cause. Instead of leaving the question to the jury, as to whether the facts did or did not constitute probable cause, the court should have pronounced the law upon the facts, leaving to the jury only the settlement of the dispute as to the existence or non-existence of the facts.

Judgment reversed.

Filed Jan. 28, 1885.