Dundy *v.* Chambers et al.

WILLIAM DUNDY, Plaintiff in Error, *v.* EZEKIEL CHAMBERS *et al.,* Defendants in Error.

ERROR TO HANCOCK.

A ferry franchise is real estate, and can only be transferred in accordance with the provisions of the statute in reference to conveyances.

An acknowledgment made before a mayor of a town in the United States is insufficient.

The execution of a deed, which is not acknowledged in accordance with the statute, and to which there are no subscribing witnesses, may be proven by the testimony of any one who saw its execution, or by the admissions of the grantor therein, or any competent evidence.

24

THIS case was tried before SIBLEY, Judge. The opinion sufficiently states the facts.

G. EDMUNDS, Jr., and J. GRIMSHAW, for Plaintiff in Error.

A. WHEAT, for Defendants in Error.

WALKER, J. The first question we propose to determine in this case is, whether a ferry franchise is embraced within, and governed by, the conveyance act, or is only to be regarded as personal chattels in its sale and transfer. If it is governed by that act, its transfer must be made in the same manner as lands are required to be conveyed. The 39th section of that act provides, that the term "real estate," as therein used, shall be construed as co-extensive in meaning with "lands, tenements and hereditaments," and as embracing all chattels real. Then is a ferry franchise an hereditament? If so, it is fully embraced within the conveyance act, as hereditaments are declared to be within its provisions. Chancellor Kent, in his Commentaries, vol. 3, p. 458, in treating of franchises in roads and ferries, says: "An estate in such a franchise, and an estate in land, rest upon the ·same principle, being equally grants of a right or privilege for an adequate consideration." And he calls such franchises incorporeal hereditaments. Hilliard, in his treatise on Real Property, vol. 1, p. 1, classes a ferry franchise amongst hereditaments. This has, it is believed, been the general understanding of the profession in its sale and transfer, whether by deed, devise or descent, being always transferred by grant and not by livery. The term is employed in our statute without limitation or restriction, and we think that as an hereditament it is embraced within its provisions. It is therefore, in all respects, governed by the statute in its sale and transfer.

The question is next presented, whether the power of attorney, from McIntosh to Swartz, was duly executed and acknowledged. The first section of the act of 1847 (Scates' Comp., 159,) provides, "That all deeds and conveyances of lands lying within this State may be acknowledged or proved before either of the following named officers, to wit: any judge or justice of the Supreme or District Court of the United States; any commissioner to take acknowledgments of deeds; any judge, justice of the Supreme or Superior or Circuit Court, of any of the United States or their territories; any clerk of any court of record; mayor of a city or notary public; but when such proof or acknowledgment is made before a clerk, mayor, or notary public, it shall be certified by such officer under his seal of office." This provision was amendatory to the conveyance act·

of 1845, which had omitted to designate any officer, or the manner in which deeds executed in other States should be acknowledged or proven, and only provided that if acknowledged or proved in conformity with the laws of such State, and was so certified by the proper clerk, that it should be admitted to record and in evidence.   That act provided that when any conveyance was executed beyond the limits of the United States and their territories, that it might be acknowledged or proved before the mayor of any city or town in such foreign country. But when acknowledged within this State, the mayor of a city was empowered to take such acknowledgment, and such an officer of a town was omitted.   It will be observed that the amendatory act makes the same omission, and we think that it must have been by design, as such an omission would not have occurred in both instances by mere accident.   The provisions of the act of 1845 were before the legislature and they were engaged in its amendment, and they must have employed the language adopted to limit acknowledgments in other States and territories to mayors of cities, and leave the provision relating to acknowledgments and proofs of execution in foreign countries to be made before either mayors of cities or towns.   This power of attorney purports to have been acknowledged before and certified by the mayor of a town, and as no such officer is named in the statute, it was not acknowledged in conformity to the statute, and was properly rejected as evidence, without other and further proof of its execution.

On the trial below, the plaintiff called Swartz, the attorney in fact named in the power offered as evidence, and asked him whether McIntosh did not acknowledge to him that he had executed this power of attorney.   The defendant below objected to his answering the question, which the court sustained, and the plaintiff excepted, and assigns that decision as error.   This presents the question as to what mode, if any, can be adopted to prove the execution of a deed neither acknowledged under the statute nor attested by a subscribing witness.   By the ancient common law and before learning became general, and when but few were able to write, sealing and delivery were the only requisites to its validity, but for the purpose of the more readily and certainly proving that fact, the names of persons present at its execution, and cognizant of the fact, were indorsed upon the instrument by the scrivener, that they might be known and called as witnesses in case it should afterwards be denied by the grantor.   But in the process of time, when education became more general and the art of writing common, it became the custom for the grantor, in addition to sealing, to sign his name to the instrument, and for the persons who were

present at its execution, to sign their names to the deed as witnesses, under the attesting clause. The law then required the attesting witnesses to be first called, as they were supposed to know more of the transaction than others, and also for the reason that the parties had chosen them as the witnesses to that fact. And the courts held, that the party relying upon the deed could not resort to any other evidence of its execution until he produced the attesting witnesses, and they denied its execution, or when it appeared they could not be produced as witnesses, or if produced that they would be incompetent or disqualified from testifying. If when produced they denied its execution, the party claiming under it might resort to any other legitimate evidence to prove its execution. Doug. R. 216; 4 Burr R. 2224. When the witnesses had become disqualified by interest, infamy, or otherwise, or had died, or could not be found, he was permitted to resort to independent evidence, which was the handwriting of the witnesses who had attested its execution, and when that was proven, the deed was admitted in evidence. This is the generally received doctrine of the present time, and although some decisions may exist which seem to militate against it, as a rule it is firmly established.

Our statute has not required attesting witnesses, as essential to the validity of a deed, nor are we aware that under the common law, any court has ever so held. Our statute has declared that when the conveyance is in writing, signed and sealed, by the party, if free from disability, that it shall be good and sufficient to pass the title. Then, if both at the common law and under the statute, attesting witnesses were not essential to the validity of the conveyance, the party relying upon such an instrument must unquestionably have some means by which he can assert the right which he has acquired by his deed, which has vested in him the title. And if, at the common law, he might call upon those who were present at its execution, and whose names had been indorsed by the scrivener, or if, when the attesting witnesses were called, they denied its execution, he might call other persons to establish the deed, who had not attested it, why may not a party call a witness to prove its execution, who is cognizant of the fact, when there is an absence of attesting witnesses? The principle and reason is in every respect the same, and we think the same rule should prevail in the one case as the other.

Such is the constant practice in reference to money bonds and contracts under seal, which are not attested, and the correctness of the rule is never questioned. It would seem that upon every principle of justice, law, and the analogies of the rules of evidence, he should be allowed to establish the execution of the

deed, notwithstanding the want of attesting witnesses. It would seem to be less objectionable, because when a party calls the attesting witnesses, he makes them his own, and if they deny the execution of the instrument, he must, to establish its execution, contradict their evidence. It would be absurd for the law to say that a deed is equally valid without as with attesting witnesses, and then require him to prove it alone by such witnesses. If the law at most only requires signing, sealing, and delivery, as essential to the validity of a deed, and deems the further ceremony of attestation by witnesses as unnecessary to give it force and validity, it must follow that there is some other competent mode of proving the deed, other than by subscribing witnesses. To attribute to such a deed validity because it possessed those essential parts, and yet to hold that it could not be read in evidence until it was established by subscribing witnesses, would be an absurdity that the law cannot recognize. *Ingraham* v. *Hall*, 1 Hayw. 193.

The fact to be determined was, whether McIntosh had executed the power of attorney offered to be read in evidence. And we have no doubt that the fact might be proven by a person who was present and saw its execution, or by the attorney in fact, who was acting under the instrument, if his principal had admitted to him that he had executed it. The probabilities are that this instrument was delivered by the principal to his attorney, and if so, we can perceive no objection to proving the fact of the delivery, or the acknowledgment of its execution to him, by the attorney. This admission, if made at the time of its delivery to the attorney, was a part of the *res gestæ*, and, for that reason, would be admissible to prove its execution. If, however, it was made afterwards, it was made against his interest, as, by the admission, if Swartz had then conveyed, he thereby afforded evidence to establish the title of the grantee under the power, and to prevent him from claiming the title. If Swartz had not at the time conveyed, he thereby enabled him to convey the title to another, and if it was not his deed, he adopted it as his own, and he cannot now be heard to deny its execution. So that in any view the question was proper, and the court below erred in not permitting it to be answered.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*