Sneed, J.,
delivered the opinion of the court.
' The complainants in these two consolidated cases are creditors of the defendant-, Watkins, and the defendants are the said Watkins and the heirs at law of John Lawrence, deceased. The bill of the complainants, Tate et al., was filed on the 18th of De *508 cember, 1868, and that of the complainants, Inman & Cowan, on the 14th of March, 1868, and the object of both bills is to subject a tract of land conveyed by Watkins on the 23d of November, 1862, to John Lawrence, sr., to the payment of the indebtedness of Watkins to the complainants, and the land is attached ■upon the alleged ground that said conveyance was obtained by said John Lawrence, sr., by certain fraudulent practices upon Watkins, and that the registration thereof, was fraudulent and unlawful. It is charged that the said Lawrence, sr., took advantage of said Watkins while the latter was in a state of intoxication, and unlawfully procured said conveyance from him. It is sufficient to say on this branch of the case, that the answers of the defendants deny the alleged fraud in obtaining the deed — and that the complainants have failed under the proof to sustain the bills upon this ■ground. The chief ground assumed by the complainants, however, and the only one we deem it necessary to consider, is, that the deed from Watkins to John Lawrence, sr., which purports to have been registered on the first of Eebruary, 1867, prior to the filing of •either of the bills, was never in fact lawfully registered, and that the land is consequently subject to the satisfaction of the complainants’ debts, as the land of Watkins. It is established by the proof that Watkins did on the said 23d of November, 1862, sell and convey the land in controversy to John- Lawrence, sr., for the sum of $4,000; that the consideration was then and there paid; that the bargainee at once went into possession, which he held until his death; that the *509 defendants, his heirs at law, have had possession ever since; that Watkins, up to that time, is not shown to have been insolvent, and that the bona fides of the transaction has not been successfully impeached. At the time of the sale, Watkins executed a deed and delivered it to the bargainee, observing that he would pay the registration fees; but there was no attestation of said deed by subscribing witnesses, and no witnesses were requested to subscribe to it, nor was the same ever acknowledged for registration by the bargainer. It appears that the deed thus executed and delivered,, remained in the hands of the bargainee unregistered until his death; that the same was, however, executed and delivered in the presence of several of the children of the bargainee, two of whom, John and James-Lawrence, on the first of February, 1867, after their father’s death, took the deed to the register’s office and subscribed it ■ as witnesses in the presence of the register, proved its execution, and upon this probate the deed was recorded. The defendant Watkins, though process was served upon him, did not answer, and a decree pro confesso was entered as to him. The other defendants filed answers, denying all fraud and stating the history of the transaction and the registration of the deed as stated above, and the proof sustains them. The Chancellor rendered a decree in favor of the complainants, upon the ground that the deed was never lawfully registered, and the" defendants, the heirs of Lawrence the bargainee, have appealed.
The question presented is, whether the probate and registration was lawful under our registration laws. *510 The statute upon this subject is in the words following: “To authenticate an instrument for regi stration, its ■execution shall be acknowledged by the maker, or proved by two subscribing witnesses/’ Code, sec. 2038. Any of said instruments not so. proved or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from the makers without notice. Sec. 2075. It may be obvious that the statute in regard to the attestation of wills of real estate other than holographic wills, requires that the witnesses who subscribe the same shall do so in the presence of the testator, and that neither of said witnesses shall be interested in the devise of said lands. Code, sec. 2162. The term “subscribing witness,” as applied to a deed, has never been defined by this court, so far as we are advised. It must, therefore, be defined in reference to the intention and policy of the statute as it may appear in the statute itself, and it may be gathered from the history of our registration laws.
Mr. Simon Greenleaf defines a “subscribing witness” to be one who was present when the instrument was executed, and who at that time, at the request or with the assent of the party, subscribed his name to it as a witness of the execution. If his name is signed not by himself but by the party, it is no attestation. Nor is it such, if, though present at the execution, he did it afterwards and without request, or by the fraudulent procurement of the other party. But it is not necessary that he should actually have seen the party *511 sign, nor have been present at the very moment of signing; for if he is called in immediately afterwards and the party acknowledges the signature, to the witness and request him to attest it, this will be deemed part of the transaction, and therefore a sufficient attestation.” 1 Greenl. Ev., sec. 569. The principle of the rule, says Mr. Greenleaf, is that the party to whose execution he is a witness, is considered as invoking him, as the person to whom he refers to prove what -passed at the time of the attestation — and that he is entitled to avail himself of all the knowledge of the subscribing witness relative to the transaction, as facts may be known to him which have passed out of the recollection of the bargainer himself. 1 Greenl. Ev., sec. 569. The objects of our registration laws were to preserve the muniments of title — to perpetuate the evidence of their valid execution — to give to the community notices of the changes in the ownership of property. 9 Yer., 37; 5 Hum., 345; 4 King’s Dig., sec. 10336; and it may be added, to prevent frauds, both upon the bargainer and upon his- creditors. Thus a deed may be executed and delivered upon conditions or in escrow, and the policy of requiring subscribing witnesses' is obvious. The history of these laws is not without significance in deciding this question. “ The North Carolina Act of 1715, ch. 38, sec. 5, required the deed to be proved by one or more evidences upon oath.” The Act of January, 1765, ch. 6, sec. 2, by one or more of the subscribing witnesses to the same. This phrase was repeated in the Acts of 1770, ch. 9; 1773, ch. 29; 1777, ch. 10; 1782, ch. 5; 1784, eh. *512 21, see. 2; 1788, ch. 24, sec. 2, and 1794, ch. 22, sec. 2; and the Act of 1805, ch. 10, sec. 2, was the first which Required the instrument to be proved by two credible witnesses at least. The Act of 1807, ch. 85, sec. 3, instead of two credible witnesses, as it was expressed in the Act of 1805, substituted the expression “two subscribing witnesses at least.” And this phraseology has been used in all subsequent ' statutes. Act of 1831, ch. 90, sec. 1; 1839, ch. 26, sec. 1; Code, sec. 2038; 4 Kiug’s Dig., 10336. Thus it will be seen that these statutes have gradually been amended and improved upon until the registration policy has been settled for more than forty years, that such instruments must either be proven by the acknowledgment of the bargainer, or by the testimony of two “ subscribing witnesses.” And if from the death or non-residence of the subscribing witnesses this testimony cannot be had, the statute has provided a substitute therefor. Code, sec. 2047, et seq. We have been referred to no case where this question has been decided ■ upon a statute like our own. A case from Illinois has been cited where it was held not necessary to state in the certificate of probate by the testimony of a subscribing witness, that he subscribed his name as such in the presence and at the request of the grantor. Job v. Tibbetts, 4 Gilman, 143. This was upon the Illinois statute of 1845, ch. 24, sec. 20, as the case is noted on the margin of that statute as an adjudication under it. Vide Cooke’s Ed. Stat. Ill., 964. In reference to the certificate of probate, that statute provides that “if it shall appear from the tes *513 timony of such subscribing -witness that the person whose name appears subscribed. to said deed or writing, is the real person who executed the same, and that the witness subscribed his name as such in his presence and at his request, the judge or officer shall grant a certificate” * ' * * * We cite this much of'it to- show that the laws of that State require the witness to subscribe in the presence or at the request of the bargainer — and it is manifest that the case cited has regard to the form of the certificate merely, and has no application to this question. A case from Georgia is also relied on by the defendants. This-case holds that “ when the affidavit of one of the two-witnesses was, that he saw the execution and saw the other witness sign as witness, and that he signed as a witness, and that they signed in the presence of each-other, it sufficiently appeared that the other witness was present at the execution. Green v. Glass, 29 Geo., 246. The fair import of this authority is, that the witnesses were required to sign in the presence of or at the request of the bargainer at the time of the execution or afterwards, and that a substantial compliance with this requirement was shown by the affidavit. But the statute of Georgia is not before us and we are not advised of its provisions. Another case from Illinois is also cited, where it was held that an unacknowledged and unwitnessed deed may be proved by any one who saw it executed, or by the grantor’s admissions. That witnesses are not necessary to a deed, either at common law or by statute: Dunly v. Chambers, 23 Ill., 369. Neither of these cases is be *514 fore us, but only an unsatisfactory abstract- of the principles announced, as contained in. the United States Digest. But we apprehend that the latter decision was not under the registry laws — and hence neither of these cases can give us any aid in determining the ■question arising under our own statute. The requirement that witnesses should subscribe the deed as such in the presence, or upon the acknowledgment or request, of the bargainer, does not now involve the inconvenience it did in former times, when the art of printing was not so generally understood and practiced by the people. And even when it is not thus understood and practiced, the “subscribing witness” may just as lawfully resort to the expedient of our English' ancestors, by affixing the “sign of the cross,” instead of the written signatures; “which custom,” we are told by the great English commentator, “our illiterate vulgar do for the most part, to this day keep up, by signing a cross for rbeir mark, when unable to write their names.” 1 Cool. Bl. Com., 305; 7 Hum., 92.
While we do not hold that under our statute it is necessary that the witness should see the party write his name — yet he must have heard the bargainer acknowledge the instrument, and he must subscribe it as a witness either in his presence, or if in his absence at his special request. 3 Wash. R. P., 248; Jackson v. Phillips, 9 Con., 113.
It is unquestionably a wise policy which forbids the registration of a deed, except upon the acknowledgment of the bargainer, or upon the .testimony of “subscribing witnesses;” and wo, are constrained to *515 hold that a subscribing witness, in the sense of our registry laws, is on-e who becomes a witness- at the request of the bargainer, either in his presence or- at his special request, or with his assent upon his acknowledgment of the execution of the deed. It results that in this case the deed of the defendant, Watkins, to John Lawrence, Sr., was not lawfully recorded, and that said conveyance was void as to the creditors of the defendant Watkins.
Affirm the decree.