## J. S. MARTIN *vs.* L. B. KERR.

EXCEPTIONS TO INSTRUCTIONS OF DOLE, J. AT TRIAL.

JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

In an action for malicious prosecution, the presiding Justice directed the jury that "The withdrawal of the prosecution is *prima facie* evidence of want of probable cause, open however to rebuttal by evidence," and at the request of defendant's counsel also said that "The failure or the withdrawal of the prosecution does not of itself authorize nor is it evidence of malice or want of probable cause of its institution," and added "But it is *prima facie* evidence."

Held, that such instruction was erroneous, and a new trial ordered.

OPINION OF THE COURT, BY PRESTON, J.

This is an action for malicious prosecution of the plaintiff on a charge of embezzlement.

The case was tried at the April Term before Mr. Justice Dole and a jury, when a verdict was returned for the plaintiff.

Defendant's counsel excepted to certain instructions given by the presiding Justice to the jury, which exceptions were duly allowed.

The first exception is to the following instruction: "To put the criminal law in motion without any reasonable and probable cause, is wrongful, and if thereby another is prejudiced in property or person there is that conjunction of injury and loss which is the foundation of an action."

Counsel for defendant contends that this instruction was wrong as it omits the word "maliciously." 2 Addison on Torts, Section 852.

We consider the objection to be sound, but as the Court subsequently, at the request of defendant's counsel, instructed the jury as follows: "The case cannot be sustained, and the jury must give their verdict to the defendant, unless the plaintiff's evidence shall show to their satisfaction that the prosecution was attended with malice on the part of the defendant, and also was instituted without probable cause; malice alone is not enough, nor is want of probable cause alone sufficient; both must concur in order to sustain the suit:" we think the misdirection was cured, and that the jury were by the last instruction sufficiently instructed as to the law involved, and therefore overrule this exception.

The jury were also instructed that "The withdrawal of the prosecution is *prima facie* evidence of want of probable cause, open, however, to rebuttal by evidence," and upon being requested by defendant's counsel to instruct the jury that "the failure or withdrawal of the prosecution does not of itself authorize, nor is it evidence of either malice or want of probable cause of its institution," the Court did so, but added "but it is *prima facie* evidence."

To these instructions the defendant duly excepted.

It appears from the evidence that on the case being called at the Police Court, the defendant withdrew the charge, and stated he had made a mistake.

Counsel for defendant cited : *Stone vs. Crocker*, 24 Pick., 88 ; *Wade vs. Walden*, 23 Ill., 369 ; *Thorpe vs. Balliett*, 25 Ill., 337 ; *Israel vs. Brooks*, 23 Ill., 526.

Counsel for plaintiff cited, amongst other authorities : *Potter vs. Casterline*, 32 N. J., 22; *Burbans vs. Sandford*, 19 Wend., 421 ; *Fay vs. O'Neill*, 36 N. Y., 11 ; *Ross vs. Irwin*, 26 Ill., 259.

We have examined the cases cited on behalf of the plaintiff, but do not find that they support the instructions given and excepted to.

We are of opinion that the instructions as given cannot be sustained, and this view is confirmed by numerous authorities ; amongst these we refer to *Israel vs. Brooks*, 23 Ill., 526, where on the trial the Court instructed the jury "that the discharge of the plaintiff by the examining magistrate is *prima facie* evidence of the want of probable cause, and sufficient to throw upon the defendant the burden of proving the contrary."

This instruction was copied verbatim from 2 Greenleaf's Evidence, Section 455. But Mr. Justice Breese, in delivering the judgment of the Appellate Court, denies that the case of *Secor vs. Babcock*, 2 Johns., 253, cited in support of such principle, does so decide and says, " To what does this amount? Why to this, that every man who appears before a magistrate to give information of a criminal offense, incurs the hazard of a prosecution against himself, should the magistrate happen to be ignorant, prejudiced or corrupt. How many magistrates are there in obscure localities who are as little capable of determining what is probable cause for a criminal accusation, as they are of explaining any of the phenomena of nature. How many do we find prejudiced against a public accuser, how many in sympathy with the accused. The decisions of such an official, on intricate questions of law or fact, should not weigh against the accused. It is not *prima facie* evidence of his guilt and how preposterous is it to say the discharge of the criminal is *prima facie* evidence of want of probable cause. It is not so and should never be so regarded. The fact may go to the jury that he was discharged by the magistrate but no such inference unfavorable to the accuser should be drawn from it."

In *Stewart vs. Sonneborn*, 98 U. S., 192, the Court say, "Notwithstanding what has been said in some decisions of a distinction between actions for criminal prosecutions and civil suits, both classes at the present day require substantially the same essentials," and at p. 195 the Court further say : "In every case of an action for a malicious prosecution or suit, it must be averred and proved that the proceeding instituted against the plaintiff has failed, but its failure has never been held to be evidence of either malice or want of probable cause for its institution."

If the contention on behalf of the plaintiff were correct, it would follow, that all a plaintiff would have to do would be to prove his arrest and discharge. The discharge being evidence of want of probable cause, would therefore be evidence of malice, and the plaintiff's case would be complete, and the burden of proof would be shifted to the defendant.

As we are of opinion that there should be a new trial on the exception we have sustained, we do not think it necessary to discuss the other points raised by the other exceptions.

Our decision is that the verdict and the judgment entered thereon be set aside and a new trial had between the parties, but as Mr. A. C. Smith, a witness in the former trial, has since deceased, and his evidence appears to be material, we make it a condition that his evidence, as appears in the bill of exceptions, may be read by either party.

*V. V. Ashford*, for plaintiff.

*A. S. Hartwell*, for defendant.