34  159
138s 483

## THE FIRST NATIONAL BANK OF JOLIET
### v.
### WILLIAM ADAM ET AL.

*Mortgages—Foreclosure—Chattels Real—Lease—Reservation of—Lien in—Priority—Distraint for Rent—Eviction, Effect of on Rent—Claim to Notes as Collateral Security—Water Power—Costs.*

1. Where a lease of a certain water power contained a provision that the lessor should have a lien for his rent upon " any and all goods, chattels or other property belonging to said party of the second part, " it is *held:* That the lessor thereby secured a lien on a paper mill, erected subsequently to the execution of the lease, upon a foundation in existence at the time the lease was made upon the lessor's land, it being expressly agreed that such building should be the property of the lessee, and that such lien was prior to that of a mortgagee in a subsequent mortgage.

2. In the case presented, this court holds, that notwithstanding such lease may not have been properly acknowledged, it was nevertheless entitled to record and was notice to the subsequent mortgagee of the lessor's rights.

3. Where a landlord deprives his tenant of the possession of the rented property he can not recover rent during the time the tenant is so deprived of possession, even if the lease has not wholly terminated.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Will County; the Hon. DORANCE DIBELL, Judge, presiding.

This is a suit in chancery brought in the Circuit Court of Will County by one of the appellees, Robert Pilcher, against the First National Bank of Joliet, appellant, and.E. C. Hager, F. H. Riebling and Elizabeth, his wife, and Maria E. Dillman, George W. Hyde, Lorenz Ritz, William Adam and J. and J. G. Whittier, as defendants, for the purpose of foreclosing two deeds of trust, executed by Riebling and wife to E. C. Hager, as trustee, dated respectively March 5, 1883 and August 19, 1884, and duly recorded.

The original bill of complaint prays for a decree determining the character of the property embraced in the trust deed, the rights of the several parties therein, the amount due each, the foreclosure of the trust deeds, the sale of the property therein named, the determination of the priority of the everal parties to the proceeds, and for general relief, and for a receiver and injunction. The several defendants answered the bill, and the First National Bank and J. and J. G. Whittier exhibited their respective cross-bills in said cause. The defendant Hager, trustee in the deeds of trust, and the defendant Ritz, sheriff of Will county, holding certain executions against F. H. Riebling in favor of several parties in his cause, were nominal parties merely.

The First National Bank, Robert Pilcher, Maria E. Dillman and the Whittiers were creditors of Riebling, who was the debtor and maker of the trust deeds and the several promissory notes herein described, and as such creditors they claimed certain interest in, and priority of right to the property embraced in the trust deed, bearing date March 5, 1883, as security for indebtedness due them respectively from Riebling. George W. Hyde, as Riebling's lessor of the water power connected with the property embraced in the trust deed above stated, made claim for a certain, amount of rent for such water power, accrued and accruing.

William Adam, as Riebling's lessor of the water power connected with the property embraced in the trust deed of

August 19, 1884, claimed for rent for that water power, and claimed he had a first and prior lien, by virtue of the stipulation of his lease to Riebling, for the rent upon all of the property covered by the last mentioned trust deed.

The First National Bank, appellant, on the other hand, claimed, as the holder of the notes under that deed of trust and as Riebling's judgment and execution creditor, all the property embraced in that deed of trust, and a priority of right thereto as against Adam and all other parties, as security on indebtedness due it from Riebling.

No claim is made against the bank (appellant) by any of the parties (except Adam) for any share in the proceeds of the property embraced in this last named trust deed, and the contention as to the disposition of the proceeds of that property is confined to the bank and Adam alone.

Riebling, being insolvent, practically turned over to his creditors the property embraced in the trust deeds, leaving it to those creditors, or the court, to adjust their claims therein.

The sale of property embraced in the first trust deed of March 5, 1883, (to which fund alone the Whittiers made claim, subject to the rights of Pilcher, which they conceded,) resulted in such a limited amount as to leave nothing for the Whittiers, and they, thereupon, dropped out of the case. To the amount allowed by the trial court to Maria E. Dillman, from the proceeds of the last above mentioned sale, no objection is made. The only parties interested in this appeal, therefore, are the First National Bank, etc. (appellant), and William Adam, George W. Hyde and Robert Pilcher, appellees herein, as the claimed distributees of the fund produced by the sale of the property embraced in the said deeds of trust in accordance with their several and respective claims presented herein. No other questions are involved in the record before us, and no exception was taken to the several orders, findings or decrees of the court below, by any of the parties to the proceeding except the First National Bank, appellant.

The bank contends that the trial court did injustice and committed error in this cause as to the rights of the appel-

lant in its rulings, findings, orders and decrees herein, and prays an appeal, etc., which being allowed, the cause is before us for review in those particulars only, as before stated.

Messrs. BENJAMIN OLIN and A. O. MARSHALL, for appellant.

1.   The court below committed error in allowing to the said appellee, William Adam, under his said leases with Riebling, $1,255, as rent accruing after the tenant's ouster or eviction.   Taylor's Landlord and Tenant (5th Ed.), Secs. 378, 380, 386, 387; Wade v. Halligan, 16 Ill. 512; Halligan v. Wade, 21 Ill. 470 (syllabus); Smith v. Wise & Co., 58 Ill. 141; Lynch v. Baldwin, 69 Ill. 210.

2.   The court below committed error in denying the appellant's claim of priority to the property embraced in said trust deed of August 19, 1884, as security for, and to apply upon, the debt due appellant from Riebling; and in giving the claim or demand of appellee Adam, for said rent (to the full amount allowed), the priority over said demand of appellant, in the proceeds of the sale of said property.

Appellee Adam, as we understand it, can find no pretext for his claim of priority as against appellant, except under one of three different theories: First, landlord's lien; second, levy of his said distress warrant; third, lien under the terms of his leases.

(1)   There was no landlord's lien.   Herron v. Gill, 112 Ill. 247; Morgan v. Campbell, 22 Wall. 381.

(2)   Adam had no prior rights by virtue of the levy under his distress warrant.

For that levy was made March 5, 1886; but the said trust deed for the security of appellant was made and recorded August 20, 1884, over a year and a half before such levy, and was in full force by its terms.

Again: The levy under the distress warrant was void, because it was made upon that species of property which is not the subject of or liable to distress for rent.

(a) Such property was a fixture, formed a part of the leasehold estate, and was a chattel real.   Taylor's Landlord and Tenant, Secs. 544, 545.

First Nat. Bank v. Adam.

"Fixtures which may be removed by the tenant during his term, constitute part of the freehold until severed therefrom. Wood's Landlord and Tenant, Secs. 527, 529; Griffin v. Marine Co. of Chicago, 52 Ill. 130, Par. 7 of syllabus; Statute of Illinois, Chap. 30, Sec. 38, Par. 40, and Chap. 77, Sec. 3, "Real Estate Defined;" Dobschuetz v. Holliday, 82 Ill. 371; Jenney v. Jackson, 6 Ill. App. 32; Conklin v. Foster, 57 Ill. 105, syllabus, Par. 5.

(b) The property being a fixture, etc., was not liable to distress for rent. Taylor, Landlord and Tenant, Sec. 592; Wood's Landlord and Tenant, Sec. 543; Kassing v. Keohane, 4 Ill. App. 461.

(3) Adam did not have a prior lien or right to the mill and machinery affixed, by means of or through any stipulation in the leases.

(a) In the clause in question (if the clause have any legal force at all) the words "goods, chattels, or other property," should be held to be *limited to chattels personal;* or to that species of personal property liable under the law to distress for rent. The subject then and in that connection under consideration by the parties was distress for rent and waiver of the statutory exemptions in favor of a debtor. We have already seen that distress for rent can only be made upon chattels personal. Again: In the waiver of exemption rights, the parties could have had in contemplation *only personal chattels*, or such goods as are specified in the exemption act, under the head of "Articles of Personal Property." No paper mills, etc., or leasehold estate and fixtures, are specified under that head.

The only other species of property protected by the exemption act is the homestead, which evidently was not contemplated or involved. If the above construction is given to said clause (assuming the clause to be of any real validity) then the property embraced in said trust deed can not be affected by the existence of such clause. Again: As regards the matter of the waiver, it is held that such waiver is void. Recht v. Kelly, 82 Ill. 147.

(b) To create by written contract a valid lien on property,

as against third persons, not mere volunteers, the property should be *in existence* at the time of the contract. Where property to be afterward acquired or created, is mortgaged in advance, especially if not specifically designated in the instrument, the mortgage affords no existing lien. Hence, the appellant's judgment liens and execution levies thereon, were valid and prior and, indeed, exclusive.

Subsequently acquired property is not held by mortgage etc. Hunt v. Bullock, 23 Ill. 320, 324, foot; Getting v. Nelson, 86 Ill. 593, foot; 594, top (syllabus, p. 591); 2 Hilliard on Mortgages, (4th Ed.) p. 410, Sec. 7, etc. Winslow v. Merchants, etc., 4 Met. 306; Moody v. Wright, 13 Met. 17.

This last case holds that the same rule obtains in equity as at law; that the property must be in existence, etc. (p. 30).

(c) Not only must the property be in existence, but it should be *properly described* in the instrument by which a lien upon it is sought to be given, in order to create a valid lien as against subsequent mortgagees. In the clause relied upon as creating a lien upon the mill, machinery, etc., the description, and the *only* one, is, "any and all goods, chattels or other property belonging to said party of the second part." Such an indefinite designation (for it is not a description at all) would, we submit, be fatal to the validity of an ordinary mortgage or deed, as to third parties.

Messrs. GARNSEY & KNOX, for appellee Adam.

Mr. GEORGE S. HOUSE, for appellee Pilcher.

Messrs. HIGGINS & AKIN, for appellee Hyde.

UPTON, P. J. The errors in substance in this record complained of and which we are called upon to examine, are briefly these:

First. It is claimed the trial court erred in the allowance to Wm. Adam of a sum of rent too large and for a longer time than was proper or lawful; in giving the allowance so improperly made to Adam priority over the claim of appellant

in the distribution of the proceeds of the property embraced in the trust deed of Aug. 19, 1884, and in denying the appellant's claim of priority thereto; in allowing Adam his costs in full out of the fund produced by such sale and in allowing costs against the appellant.

Second. That the trial court also erred in allowing to Geo. W. Hyde, one of the appellees, too large a sum or amount for rent accrued and accruing under the lease from him to Reibling of date August 1, 1881, and in the directions given to the receiver in the decree as to the basis of settlement and payment of such rent.

Third. That the trial court erred in denying the claim of appellant to all the outstanding notes under the trust deed of March 5, 1883 (except the note held by Maria E. Dillman), a collateral security for appellant's claims against Reibling, and in the order made for the distribution of the proceeds arising from the sale of the property in that deed of trust described in favor of Robert Pilcher, one of the appellees.

The lease from Adam to Riebling of the water power, out of which this contention in part arose, which was duly placed of record October 10, 1878, contained this, among other provisions: "Meaning and intending hereby to give the said party of the first part, his heirs, executors and administrators or assigns, a valid and first lien upon any and all goods, chattels or other property belonging to the said party of the second part (Riebling), as security for the payment of the rent in the manner and at the time thereinbefore mentioned, anything therein contained to the contrary notwithstanding."

It will be observed that the Joliet paper mill, upon the execution of the above mentioned lease, was erected upon premises entirely owned by Adam, in and to which the lessee, Riebling, had but a leasehold interest, and the buildings subsequently erected thereon were placed upon the foundation erected and existing upon such leasehold estate prior to the execution of the lease, the buildings not being attached to such foundation, and that it was explicitly agreed that such mill buildings and machinery therein to be placed were to be the property of the lessee, Riebling, upon which the lessee

was to pay taxes. The taxes upon the *realty* was to be paid by the lessor, by the express condition of the lease. The contention of the lessor that this was but a chattel interest, seems fully established. By the express provisions of the lease the lien of the lessor for the payment of the after-accruing rent (contained in the lease of July, 1877, and that of July, 1879), was to extend to and embrace "any and all goods, chattels and other property belonging to the lessee."

It will be further observed that in the mortgage deed of trust executed by Riebling to the appellant, bearing date August 19, 1884, out of which this contention has in greater part arisen, this Joliet paper mill and Riebling's — appellant's grantor's — interest therein, is covenanted to have been "a *leasehold interest* in the real estate therein described, and the *owner, possessor and occupant of the paper mill therein situate*, with appurtenances, etc."

Under these facts we feel constrained to hold, the rent due the defendant Adam under the leases before mentioned was a valid lien on the Joliet paper mill and fixtures therein, in possession of the lessee at the time of executing the mortgage to appellant, and prior in time, and superior in equity and right to that of the appellant, acquired under and by virtue of the said mortgage deed of trust.

That as a condition to the foreclosure in equity of its mortgage trust deed on Riebling's leasehold estate and fixtures, the appellant bank must be subordinated to the equitable lien of Adam to receive his rent from the property so mortgaged. It is by the terms of the lease itself that such lien was created and preserved, and the appellant bank could acquire no rights to the property covered thereby, except subject to such lease, of which it had notice, or at least such notice as must be held sufficient to put it upon inquiry, which must have resulted in notice to the appellant of all the rights of Adam. Hence the decree of the Circuit Court holding the lease an equitable mortgage, was, in our judgment, correct. 1 Jones on Mortgages, Sec. 162–168; Story's Equity Jurisprudence, Sec. 1231; Ketchum v. St. Louis, 11 Otto (U. S.), 101, 308; Evans v. Mayo, 6 Ill. App. 121 and 340; Peckham v. Haddock, 36 Ill. 45 and cases cited; Chadwick v. Clapp, 69 Ill. 121.

That the appellant was charged with notice or put upon inquiry by which full knowledge of all the facts would have been obtained, see Burt v. Coleman, 89 Ill. 368, and cases cited; Citizens Bk. v. Dayton, 116 Ill. 204, and cases cited.

Conceding, for the purpose of argument, that the lease from Adam to Riebling was not properly acknowledged, and a description of the property therein entered upon the docket of the justice as claimed by appellant, that would not, if true, determine the claim of appellant to the extent contended for in the case at bar. The 51st section of the conveyance act provides that "Deeds, mortgages and *other instruments of writing relating to real estate* shall be deemed from the time of being filed for record, *notice* to subsequent purchasers and *creditors*, though *not acknowledged* or proven according to law. And Sec. 38 of the same act provides that the term "real estate," as used in that act, shall be construed as co-extensive in meaning with lands, tenements and heredita-ments, and as embracing all *chattels real*."

In Willoughby v. Lawrence et al., 116 Ill. 20, it was held that a lease of certain real estate was a chattel real, and although not acknowledged or proven according to law, was entitled to record, to give notice of such leasehold interest of the lessor therein named; and that a contract by the lessees conveying the use, for certain purposes, of the fences and buildings upon the land, involving a right of way over the land for its enjoyment, was an instrument in writing relating to a chattel real, and as such was entitled to record, and that such record affected subsequent purchasers and creditors *with notice*. Reed v. Kemp, 16 Ill. 445; Dandy v. Chambers, 23 Ill. 369; McCann v. Day, 57 Ill. 101; Harris v. Johnson, 31 N. J. Eq. 174.

The claim for rent due Adam which was allowed by the court below, consisted of two items, the one for the sum of $1,908.67, being for the rent accruing from March 5, 1886, to January 1, 1887, on which last named date Adam issued his distress warrant against Riebling, levied the same upon the paper mill with all its machinery, fixtures and appurte-nances, from thenceforth entirely dispossessing his tenant,

Riebling, therefrom. The other item was for rent claimed to be due Adam from January 1, 1887, to June, 1887, amounting to the sum of $1,255. This, it will be seen, was for rent claimed from the time the tenant, Riebling, was dispossessed by Adam, being the time the property (paper mill) was actually in the possession of the receiver, which was, by agreement of the parties, from February 8, 1887, or when he actually took possession, March 8, 1887. The appellee, Adam, purchased the " Joliet Paper Mill," its machinery and appurtenances, at sale by the receiver on the 25th of June, 1887, for $3,500.

This item of $1,255, which was allowed Adam in the court below, is now especially objected to as being unjust and inequitable, in that, for that period in which the rent is claimed to have accrued, the lessee, Riebling, was not liable for any rent, and hence for that period no rent was due Adam. We are of the opinion that this last named item was improperly allowed to Adam, and for the obvious reason that Adam in fact dispossessed Riebling on the 1st of January, and he never after that time was let into the possession of the leasehold interest or any part thereof, and the receiver, who took it only a short time before the sale to Adam, could make no use of it.

The law in this State is well settled, that when the landlord deprives his tenant of the possession of the rented property he can not recover rent during the time the tenant was so dispossessed, and such loss of possession by the tenant, even if the lease has not wholly terminated, may be recouped in a suit to recover the rent. Hayden v. Smith, 63 Ill. 430; Lynch v. Baldwin, 69 Ill. 201; Merrian v. Fetsen, 81 Ill. 62, and cases cited.

The bank, as the assignee under the mortgage deed of trust, after condition broken, where the court has jurisdiction to make an equitable adjustment, may interpose the same defense.

There is no pretense that Riebling consented to allow such claim for rent after Adam took possession, or after the property was in the possession of the receiver; and to charge him with the rent, when he was prevented from making any possible use of the leasehold property, would, it seems to us,

be rank injustice, and more especially so in this case, as Adam himself was responsible for this state of affairs.

We think, under the circumstances in evidence in this case, that Riebling was allowed the full control for disposition of the six notes of date March 5, 1883, of the series of fifteen, for $1,000 each, and that the appellee Pilcher had the right and was entitled to receive his *pro rata* share, even of the note he purchased of Mrs. Sochner, and the $145 surplus.

The taking of the notes as collateral was the same and with like effect as a purchase, in this case, to the extent of the debt thereby secured.

As to the claim that the court below erred in the matter of allowance to Hyde for rent of his water power from February 1, 1887, we hold that allowance was not erroneous. The court was justified, we think, from the evidence, in its finding that Riebling used the water power under the lease to the extent of 132 horse power.

The decree will be reversed and the court below directed to disallow the claim of Adam for rent, amounting to $1,255, and allowed appellant as above stated.

The apportionment of costs as fixed by the court below was so largely in its discretion, that we will not interfere with its exercise. The decree of the court below as to the claims of Pilcher and Hyde is approved and the costs in this court will be equally divided between appellant and the appellee Adam.

The decree is reversed and the cause remanded to the Circuit Court with directions to modify its decree in conformity with the views above expressed.

*Reversed and remanded with directions.*