JAMES GUNTERMAN *et al.*

*v.*

THE PEOPLE *ex rel.* Theodore W. Bechdoldt.

*Filed at Springfield November 2, 1891.*

1. INFORMATION IN THE NATURE OF QUO WARRANTO—*defendant must disclaim or justify.* A defendant in an information in the nature of a quo warranto, charged with unlawfully usurping a public franchise, can only defend successfully by showing he is not using the franchise, or that he has a legal right to use it.

2. SAME—*defective or equitable title of defendant—burden of proof.* If the defendant sets up a right to exercise the franchise as the owner thereof, the burden of proof will be upon him to show a valid, legal title to the same. A defective title thereto is no title whatever as against the public.

3. A party exercising an office or franchise of a public nature is considered as a mere usurper, unless he has a good and complete title in every respect. A mere equitable title will not suffice.

4. FERRY FRANCHISE—*how conveyed.* A ferry franchise can be conveyed only by deed, the same as real estate.

APPEAL from the Circuit Court of Pike county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

This is an appeal from a judgment of the court below ousting appellants from the exercise of a ferry franchise on the Illinois river. It appears by stipulation of the parties, that at the time the information was filed, appellants were operating a ferry across said river, from Florence, in Pike county, to Harris Landing, in Scott county, claiming to be the legal owners and holders of a certain charter granted to one George W. Babbitt by an act of the General Assembly of the State of Illinois, entitled an act to establish a ferry across said river at Florence, approved February 9, 1867, and that Theodore W. Bechdoldt also claimed to be the legal owner of said charter, and was attempting to operate a ferry between said points. Said stipulation then proceeds: "And whereas, by reason of

the conflicting claims of said parties, and their efforts to oper-
ate two different ferries between the same points and under
the same charter and franchise, numerous difficulties and dis-
turbances have taken and are now continually taking place,
and the proper operation of said ferry interrupted and inter-
fered with, and thereby the rights and interests of the public
greatly prejudiced, it is therefore hereby agreed that the State's
attorney of said Pike county, Illinois, shall file an information
in the nature of a *quo warranto,* at the relation of the said
Theodore W. Bechdoldt, against the said James Gunterman
and Elizabeth Mitchell, for the purpose of determining the
rights in the premises; and it is further agreed, that the pre-
sentation of a petition for leave to file such information is
hereby waived, and the court or the judge thereof in vacation,
may, without further or other proceedings, order the informa-
tion to be filed and process to issue." In pursuance of this
stipulation an information was filed, charging appellant with
usurping and unlawfully holding said ferry franchise, setting
up the grant of the charter mentioned in the stipulation, and
a conveyance of the same by Babbitt, through a regular chain
of title, to the relator, Bechdoldt.

Motion to quash the information, and a demurrer thereto,
both being overruled, several pleas were filed by the defendants,
all of which were disposed of on demurrer except the second
and fifth. The second avers that the respondents are the
legal owners of said ferry franchise, while the fifth makes the
same claim, but sets up a transfer of the charter from Babbitt
to them through intervening parties, by a sale and delivery of
possession, and the successive parties to whom the transfers
were made, operated said ferry for more than twenty years,
continuously, prior to the filing of the information, claiming
and holding themselves out to the public to be the absolute
owners of the same. To these pleas general replications were
filed, and a hearing had before the court without the interven-
tion of a jury.

Messrs. ORR & CRAWFORD, for the appellants :

*Quo warranto* should not be allowed against persons for as-suming a franchise of a mere private nature.    *Rex* v. *Ogden,* 21 Eng. C. L. 62 ; *People* v. *Ridgley,* 21 Ill. 65 ; *People* v. *Insurance Co.* 15 Johns. 389.

A ferry franchise is an incorporeal hereditament, and should be transferred by deed.    *Bridge Co.* v. *Lonergan,* 91 Ill. 508 ; *Dundy* v. *Chambers,* 23 id. 369.

The case first cited holds that the purchase of a ferry fran-chise, and payment and transfer of possession, passes an. equitable title thereto.

While in *quo warranto* the defendant must show title in him-self to the office or franchise, it does not mean strict, technical title.    Mere irregularities in an information to oust a person from office will not defeat defendant's title.    *People* v. *Waite,* 70 Ill. 25.

An usurper is one who intrudes himself into an office which is vacant and ousts the incumbent without any title of color whatever.    Anderson's Dict. of Law, 1074.

Usurpation means the unlawful assumption of the use of property which belongs to another,—an interruption, or the disturbing of a man in his right and possession.    2 Bouvier's Law Dict. 617.

The actual occupancy of premises is notice equal to record of deed or instrument under which the occupant claims, and a subsequent purchaser takes subject to whatever right or in-terest such occupant may have.    *Coari* v. *Olsen,* 91 Ill. 273 ; *Cowen* v. *Loomis,* id. 132 ; *Strong* v. *Shea,* 83 id. 575 ; *Lumbard* v. *Abbey,* 73 id. 177.

The State alone can insist upon a forfeiture of a charter for mis-user or non-user.    *Railway Co.* v. *People,* 73 Ill. 541 ; *Trustees* v. *Tatman,* 13 id. 27.

Mr. W. E. WILLIAMS, and Mr. HARRY HIGBEE, for the ap-
pellee: .

*Quo warranto* is the proper remedy to test the legal right of
persons to operate a ferry who claim the franchise under a
charter from the State. Rev. Stat. 1874, chap. 112, sec. 1.

The public have an interest in such a franchise.  3 Kent's
Com. 458.

An usurper, in the sense in which the term is used in actions
of this kind, is one who is exercising an office or franchise
without having a good and complete title in every respect. It
is no defense that the person exercising the office or franchise
has color of title or claims some interest therein, but he must
have a good and complete title, or he is an usurper.

A defective title is understood to be, and is, in contempla-
tion of law, the same as no title whatever, and a party exer-
cising an office or franchise of a public nature is considered as
a mere usurper, unless he has a good and complete title in
every respect. *People* v. *Ridgely*, 21 Ill. 65.

The information in this case charges the defendants with
exercising a franchise without authority of law.  It therefore
becomes necessary for them to either disclaim or justify.  They
chose to do the latter, and the burden of proof is upon them
to prove good and complete title in every respect.

The doctrine of the cases on this subject seems to be, in
proceedings by information in the nature of *quo warranto*, the
People are not bound to show anything.  The *onus probandi*
generally lies on the defendant, who must prove his title as
pleaded, or such part of it as is traversed by the replication.
It has been so held by this court.  *Railway Co.* v. *People*, 73
Ill. 521.

The entire *onus* is on the defendant, and he must show, by
his plea, and prove, that he has valid title to his office.  *People*
v. *Ridgely*, 21 Ill. 65; *Clark* v. *People*, 15 id. 217.

A ferry franchise is subject to the same rules of conveyanc-
ing as real estate.  It is always transferred by grant, and not

by livery.   It is an incorporeal hereditament, and must be transferred by deed.   *Dundy* v. *Chambers,* 23 Ill. 369 ; *Bridge Co.* v. *Lonergan,* 91 id. 508 ; 3 Kent's Com. 458 ; 1 Hilliard on Real Prop. 1.

Mr. JUSTICE WILKIN delivered the opinion of the Court :

In our view of the law applicable to this case, there is no substantial conflict in the evidence as to the controlling facts. It is admitted by all parties, that by act of the legislature George W. Babbitt became seized of a charter authorizing him to established and operate the ferry in question for a period of thirty years, from February 9, 1867, and that, by valid deeds of conveyance from him through other parties, one Peter Van Meter became the legal owner thereof in 1879, who was then exercising the privilege granted by said charter by operating said ferry.   It is not claimed that Van Meter conveyed the franchise by deed to respondents, or other persons under whom they claim, nor that he even delivered to them or such other parties the original charter or title papers held by him conveying said property.   It is also conceded that possession under whatever transfer was made by Van Meter to those under whom the respondents claim title, did not begin until the year 1879, and hence no prescriptive right can be maintained on that possession.   Appellants are therefore driven to the position, that by proof of a verbal contract of sale by Van Meter, payment of the purchase money and delivery of possession under such contract, an equitable title to said ferry franchise passed to them, and those from whom they purchased, which will in law protect them in their present possession and use of said ferry privilege.

This is not, as contended by counsel, a controversy between individuals, merely.   The stipulation of the parties as to the object of the proceeding, as well as the information itself, clearly shows that it is the public right which is sought to be protected.   The defendants are charged with unlawfully usurp-

ing a public franchise. They could only successfully defend against that charge by showing that they were not using a franchise, or that they had a legal right to use it. (*Illinois Midland Ry. Co.* v. *People ex rel.* 84 Ill. 427; *Holden* v. *People ex rel.* 90 id. 434.) They have attempted to do the latter by showing that they were the rightful owners of said franchise, and the burthen of proof was upon them to show a valid title. *Clark* v. *People ex rel.* 15 Ill. 217; *People ex rel.* v. *Ridgley et al.* 21 id. 65.

In *Dundy* v. *Chambers et al.* 23 Ill. 369, this court expressly held that a ferry franchise like the one in question could only be conveyed by deed. The correctness of that decision has not, so far as we know, been questioned, but was approved in *Mississippi River Bridge Co.* v. *Lonergan,* 91 Ill. 508. It is true that it was held in the latter case, that one who had purchased such property and entered into the possession thereof could maintain an action for an injury to such property against a trespasser; but that holding does not aid the defendants on the issues in this case. Here the question is, have the defendants shown a valid title. A defective title will not do,—much less a mere equitable right to a title. It is said in *People ex. rel.* v. *Ridgley, supra,* a defective title is understood to be, and is, in contemplation of law, the same as no title whatever, and a party exercising an office or franchise of a public nature is considered as a mere usurper unless he has a good and complete title in every respect. Giving appellants, then, the full benefit of all they claim, they have wholly failed in their defense.

What is here said disposes of the substantial objections raised to the judgment of the circuit court, and other questions discussed in the argument become unimportant.

The judgment will be affirmed.

*Judgment affirmed.*