## Adam P. Gorman v. The People ex rel. George W. Manley.

1. QUO WARRANTO—*Burden of Proof on Respondent.*—When a respondent in a quo warranto proceeding sets up a good title to the office in question, the burden of proving such title is upon him, and if he fails to do so it is proper for the court to instruct the jury to find for the relator.

Quo Warranto.—Trial in the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Verdict for relator. Appeal by respondent. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

J. J. REA, attorney for appellant.

A. J. MILLER, state's attorney, and W. A. PERKINS, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a quo warranto proceeding, commenced by the appellee in the Circuit Court of Champaign County, against the appellant, the information charging that he unlawfully usurped the office of treasurer of the village of Tolono, exercised the duties and received the emoluments thereof, contrary to law.

The answer sets up that the appellant was, on May 4, 1896, lawfully appointed and qualified as such treasurer, and by virtue of said appointment he has since lawfully held said office, as his successor had not been appointed, qualified or confirmed, nor had he been removed from said office. A replication by the appellee traversed the answer. A trial by jury was had and verdict for the appellee.

Appellant brings the case to this court and insists that the verdict is contrary to the evidence and that the Circuit Court erred in instructing the jury to find for the appellee. The evidence shows that the president of the board of trustees of the village of Tolono did, if he had the power, remove the appellant from the office of treasurer of that village, and there was evidence tending to show that the relator was appointed such treasurer; but there was no evidence either offered or admitted tending to show that the appellant had ever been appointed or qualified as treasurer of the village of Tolono, and therefore the Circuit Court, for that reason, properly instructed the jury to find for the appellee; because the information called upon the defendant to show cause by what warrant he exercised the functions of treasurer of said village, he by his answer set up a good title to that office, and the burden of so proving was upon him, which he utterly failed to do, but seemed to be content with merely combating the immaterial question as to whether the relator had been lawfully appointed such

treasurer; that question was of no concern to the appellant, as, in a case of this kind, where the public alone is concerned, the state's attorney may have proceeded with or without a relator, and therefore it was not necessary to show that the relator was entitled to the office. Chesshire et al. v. The People ex rel., 116 Ill. 493; Gunterman et al. v. The People ex rel., 138 Ill. 518, and cases there cited.

Finding no error we affirm the judgment of the Circuit Court in this case.