G. H. & S. A. R'y Co. v. JOHN DONAHOE.

(Case No. 497.)

1. EVIDENCE — RAILWAY COMPANY.— In an action for damages against a railway company on account of the wrongful arrest of a passenger on its train caused by the conductor, it was alleged that the conductor was "acting within the scope of his authority." *Held,*

(1) It was competent to prove that in the performance of the act

the conductor was acting within the sphere of his authority as conferred by the company, or under its instructions.

2. EXEMPLARY DAMAGES.— The principal is not liable in exemplary damages for the unauthorized malicious act of its agent, unless such act is ratified or accepted by the principal.

3. SERVICE OF CITATION — VARIANCE.— The citation in a suit against an incorporated railway company described the company as a railroad company. *Held*, that there was no error in overruling a motion to quash the service.

APPEAL from Fort Bend.    Tried below before the Hon. Livingstone Lindsay.

Suit by John Donahoe against the appellant to recover $10,000 damages.

The petition charged in substance as follows:    That on the 1st day of April, 1875, Donahoe, at Randon Station in Fort Bend county, on the railway line owned by appellant, went aboard of the west-bound passenger train, with the view of going to Luling, another station on the line.    There was no ticket office at Randon Station, and when the conductor came around to collect fare, he ascertained that the fare from Randon to Luling was $5.70; that he gave the conductor a twenty-dollar United States currency bill; the conductor passed on with the money, and Donahoe supposed that he would return the change as soon as he could get the bill broken; that when the train arrived at Columbus, in Colorado county, an intermediate station, the conductor, without saying anything to Donahoe about the matter, wrongfully and maliciously made an affidavit before a justice of the peace, charging appellee with passing counterfeit money, and wrongfully caused him to be ejected from the cars, and prevented him from continuing on his journey to Luling, to his damage in the sum of $5,000; that the bill which he gave to the conductor was genuine and not counterfeit, and that the proceeding so instituted against him by the conductor was wrongful, malicious, without probable cause, and that he was then and there wrongfully and illegally arrested at

the instance and procurement of the conductor, without probable cause, who procured and caused him to be illegally, wrongfully and maliciously imprisoned in the county jail, where he was detained and kept for six days, and was then discharged for want of prosecution; and that he was thereby further damaged in the sum of $5,000; that all of the said illegal, wrongful and malicious acts of the conductor were done and performed within the scope of the duties and powers of his agency, and therefore the same were the acts of the appellant. He prayed for a judgment for $10,000 damages.

The railway company moved to quash the service on account of misnomer; also excepted to the petition on account of a misjoinder of causes of action, and answered by general denial, and specially, amongst other things, that all of the acts of the conductor complained of were outside of his duty as the agent of appellant, and that therefore appellant was not liable as claimed.

The appellant's motion to quash the service, and exceptions, were overruled. Verdict and judgment in favor of appellee for $4,000.

The errors relied on are these: 1. Overruling the motion to quash service and the demurrer to the petition. 2. The charge of the court. 3. Exclusion of evidence.

*John T. Harcourt,* for appellant

*P. E. Pearson,* for appellee.

WATTS, J. COM. APP.— Upon the trial below the appellant introduced as a witness Hardy Eddins, the superintendent of appellant's railway, and asked him the following questions: "What are the duties and authority of the conductor of a railway train on said railway; and was the instigation of the arrest of a man who was charged with passing counterfeit money within the scope, sphere or range of a conductor, or not?" Appellee objected

to the witness answering the questions, and the court sustained the objection. The point was saved by bill, is assigned as error, and relied upon in the brief of counsel.

The duty and authority of a conductor, considered as a matter of law, does not extend beyond that specified in the statute. He is there recognized as the officer or agent of the corporation in charge of the train, with authority to collect fare from the passengers, and power to put them out of the cars if they refuse to pay. He is made criminally liable for injuries resulting from negligence in the formation of passenger trains under his control.

Outside of these and some other unimportant provisions relating to conductors, his powers, duties and obligations are not defined by law; to the extent mentioned he is liable, and can lawfully exercise the authority conferred; and as between the corporation and strangers, the former cannot, for the purpose of avoiding a liability, qualify or limit the authority thus conferred upon the conductor as its agent, by instructions or otherwise. In these particulars the authority of the conductor to act for the corporation is a matter of law, the extent of which is to be determined by the statute. Beyond this the conductor must be held as the agent of the corporation, with such power and authority as is conferred upon him by the principal, the extent of which is a question of fact to be determined by the evidence.

In the case before us it is distinctly alleged that the conductor was acting within the scope of his authority in making the affidavit, causing appellee to be arrested and wrongfully confined in prison; and for that reason the corporation was liable for the injuries resulting from each and all of these acts of the conductor. As a matter of law, it cannot be said that it was within the scope of the power and duty of the conductor, as agent of the corporation, to institute the prosecution, and to cause appellee to be confined in the county jail. These are

questions of fact to be determined by the jury from the evidence.

If, as a matter of fact, the conductor wrongfully expelled the appellee from the cars, or procured it to be done by others, or wrongfully prevented the appellee from going on to the point of destination, or procured it to be done by others, the company, as a matter of law, would be liable to appellee for the actual damages resulting therefrom.

So also, if the corporation had expressly empowered or instructed the conductor to institute legal proceedings against passengers, and cause them to be arrested and confined in prison upon such charges, it would undoubtedly be liable for the acts of the conductor coming within the scope of such authority.

And notwithstanding the general rule that the principal is not liable in exemplary damages for the unauthorized malicious acts of the agent, still, if the principal should ratify or accept such acts of the agent, it thereby becomes liable for the damages, as well exemplary as actual, resulting from the act. As an illustration of this doctrine, if the prosecution instituted against appellee by the conductor was malicious and unfounded, and instituted without the authority of the corporation, still, if it afterwards took up and carried on that prosecution, this would constitute a ratification of the act of the agent. For upon sound, equitable considerations, the corporation would not be allowed to accept the benefits resulting from the malicious acts of its agent without being compelled to assume the burdens justly attaching to the acts.

Under the issues as presented by the respective pleadings of the parties, the testimony excluded by the court should have been admitted, for it was asserted by the appellee that the acts of the conductor throughout came within the scope of his authority as agent of the com-

pany; while it is claimed by the appellant that the conductor was acting throughout beyond and outside of the limits of his agency. The issue thus made was one of fact to be determined by the evidence, and that offered by appellant and excluded by the court was pertinent to the issue.

Besides, the court instructed the jury that if they believed from the evidence "that the agents or employees of the company, under the guise of acting in discharge of the duties of their station, did. wantonly and maliciously, and without probable cause, expel the plaintiff from the cars after he had paid his fare in good and lawful money, and had him arrested upon a criminal charge without probable cause, the company would be liable to the plaintiff for such wanton and malicious action of its agents and employees, not only for the actual damages sustained by the plaintiff, but the jury are authorized to give such punitory damages as the jury in their discretion may deem right."

This charge is in direct conflict with the doctrine announced in the case of Hays v. H., G. N. R. R. Co., 46 Tex., 280. It is there held that the principal, whether a natural or artificial person, is not liable in exemplary damages for the unauthorized malicious acts of the agent, unless such acts had been ratified or accepted by the principal.

The error arising from the exclusion of the evidence offered by appellant was intensified by the error contained in the charge.

Appellant's motion to quash the service was properly overruled. The objection was as to the name of the appellant as stated in the citation; the only difference in the name of the corporation as found in the charter, and that used in the citation, consisted in the use of the word "railroad" in the latter, instead of that of "railway" used in the charter. The name of the corporation was

sufficiently stated in the citation, and there was no error in overruling the motion to quash the service.

The grounds of the demurrer to the petition was that of misjoinder of causes of action, in this: that a recovery was sought for damages in ejecting the appellee from the cars, also damages for the illegal arrest. It was substantially held in the case of De. Gress v. Hubbard, decided at the last Austin term (Law Journal, vol. IV, No: 45, p. 717), that the question raised by the demurrer in this case is one that in a great measure must be left to the sound discretion of the court; and unless the record discloses a palpable abuse of that discretion, the ruling will not be reviewed.

The demurrers were properly overruled. The other errors complained of are such as will not likely occur on another trial.

We conclude that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.