Opinion by
Will-son J.
§ 439. Highway; obstruction of, by railroad train; actual damages; liability of corporation for; case stated. Appellee sued appellant to recover damages for wrongfully and maliciously obstructing a public highway or street, where the same crossed appellant’s railway, by stopping thereon-a train of cars, whereby appellee, his family, two wagons and teams and drivers in his employ, were detained and prevented from passing along said highway for one-half hour. He claimed actual damages as follows: Detention and loss of time, $10. Injury to his child by exposure to the weather, $40. Injury to' his wife from same cause, $20. Doctors’ bills and expenses growing out of such injuries to his child and wife, $30,— aggregating $100. He also claimed exemplary damages *388 in the sum of $100. In justice’s court, in which the suit was instituted, he recovered judgment for $15 and costs. Appellant appealed to the county court, where appellee recovered judgment for $5 actual and $95 exemplary damages and costs. He remitted his actual damages except the sum of sixty cents. With reference to actual damages the court charged the jury as follows: “Railway corporations have the legal right to construct and operate their line of railway across any public highway or street, but they are required to run and operate their road in such manner as not to unnecessarily impair the usefulness of such highway or street as a public thoroughfare; and if you believe, from all the evidence before you, that the defendant left its train of cars standing on its road across a public highway for an unreasonable length of time, and that plaintiff, his family and wagons and teams, were unreasonably delayed by such act of defendant, the plaintiff would be entitled to recover,” etc. This charge states the correct rule of law governing in such cases. “Where a railroad company has been permitted to lay its track along or across a highway, it is bound to,the use of every reasonable precaution to prevent injury to those passing along the highway or crossing its track that is laid across the same, and if it fails to exercise a proper degree of care, not only such as is provided by statute, but also such as is rendered necessary by the character of the obstruction and its location, having reference to a like reasonable exercise of care on the part of those approaching the obstruction, it becomes a nuisance to the extent of individual rights, and renders the company liable in damages.” [Wood on Nuisances, § 303; Pierce on Railroads, 242, 243; Angelí on Highways, § 237 et seq.; 1 Thomp. on Neg. p. 357, § 22.] The jury were further properly instructed that “what would be a reasonable time for a railway company to blockade a public highway with its train was a question of fact to be determined by them from the evidence.” There was no evidence showing the cause of -the stoppage of appel *389 lant’s train on the highway, and the jury were warranted in finding that it was stopped there an unreasonable length of time. Prima facie, appellant had no right to obstruct the highway longer than was necessary for the transit across it of its train, and the burden devolved upon appellant to show that the obstruction for one-half hour was necessary and reasonable, and could not have been avoided by the use of proper care. [1 Thomp. on Neg. p. 357, § 22.] Under the law, the appellee was entitled to recover actual damages.
§ 440. Charge of court must be warranted by evidence. The court, in its charge, erroneously instructed the jury that they might find in appellee’s favor for injury done to his wife and child, and for physicians’ bills, etc. There was no evidence to warrant this charge. A charge should be confined not only to the allegations in the pleadings, but to the evidence adduced. [W. & W. Con. Eep. §§ 297, 897.]
§441. Exemplary damages; liability of corporation for; rules as to. As to exemplary damages, the court, in substance, charged the jury, that if appellant left its train across the highway for an unreasonable length of time, whereby the appellee was injured, and if such act of obstruction was wilfully, and intentionally committed, without excuse, appellee would be entitled to recover .exemplary damages. This is the rule of law in some states, in which the doctrine applicable to the relations of master and servant, and principal and agent, is not considered in determining the liability of a corporation for exemplary damages, but corporations are held liable for such damages in all cases where natural persons, acting for themselves, would be liable for such damages. [1 Sutherland on Dam. 755.] In our judgment, this rule is founded in reason and justice, and were it an open question in this state, this court would be disposed to adopt it. But the law has been otherwise settled here. To render a corporation in this state liable for exemplary damages, it must be shoyvn that it, or the officers by whom it is *390 controlled and represented, have been guilty of fraud, malice, gross negligence or oppression. And when the injury is caused by its servant, it is not liable for the unauthorized, malicious acts of such servant, unless ratified .'or accepted by it. [Hays v. R. R. Co. 46 Tex. 272; R. R. Co. v. Donahoe, 56 Tex. 162; W. & W. Con. Rep. § 148.] Under this rule, before appellee would be entitled to recover exemplary damages, he would have to prove not only that the obstruction complained of was the wilful and intentional act of appellant, or its officers, but that it was aggravated by fraud, malice, gross negligence or oppression on the part of appellant or its officers, or that it was authorized, ratified or approved by it. Such being the rule of law, the charge of the court is erroneous, and the judgment for exemplary damages is unwarranted by the law and the evidence.
November 26, 1884.
Reversed and remanded.