GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. J. G. CONDER, BY NEXT FRIEND.

Decided April 14, 1900.

1. **Railway Company—Liability for Conductor's Act Done Contrary to Orders.**

The liability of a railway company for the action of its conductor in wrongfully having a passenger arrested on a charge of prior assault and removed from the train, is not avoided by the fact that the company had instructed the conductor not to have such arrest made.

2. **Same—Liability for Passenger's Imprisonment and Detention.**

Where a conductor wrongfully had a passenger arrested and removed from the train, and his imprisonment and detention resulted as natural consequences of the arrest, the company was liable therefor, and not merely for the damages resulting from the failure to carry him to his destination.

3. **Charge of Court—Request as Estoppel.**

The appellant will not be heard to allege error of a charge of court where he requested a charge embracing the feature of which he complains.

4. **Same—Exemplary Damages.**

It was not error for the court to refuse to charge at defendant's request that the jury could not allow exemplary damages, where the main charge given specified only actual damages, and the jury were also instructed not to consider the argument of plaintiff's counsel urging them to render such a verdict as would set a precedent and prevent such occurrences in the future, as their allowance of damages was to be confined to a fair compensation for actual damages.

5. **Amendment—New Cause of Action—Suit by Minor.**

In an action brought by a minor in his own name an amendment changing it to an action by next friend does not introduce a new party or a new cause of action, and it was not error for the court to refuse a continuance on account of such amendment, though made after trial had been entered upon, the defendant not showing that it would have a better or different defense in the event of a continuance.

APPEAL from Fannin. Tried below before Hon. A. P. PARK, Special Judge.

*J. W. Terry* and *Chas. K. Lee,* for appellant.

*Rubell & Truett, John C. Meade,* and *Richard B. Semple,* for appellee.

RAINEY, CHIEF JUSTICE.—This is a suit for damages charged to have been occasioned appellee by the conductor in charge of appellant's train by having him illegally arrested while traveling thereon as a passenger and ejected therefrom and imprisoned by the officer making the arrest.

The proof shows that appellee boarded appellant's passenger train at Pecan Gap, after purchasing a ticket for Wolfe City. When the train reached Ladonia, a station on appellant's road between Pecan Gap and Wolfe City, the conductor in charge of the train caused the city marshal of Ladonia to enter the car and arrest appellee.

The conductor believed at the time that appellee was the party that assaulted him with a pistol at Celeste some time prior thereto, but in

this he was mistaken. The marshal took charge of appellee, searched him for a pistol, but found none, carried him off the train, imprisoned him in a filthy calaboose for about one and one-half hours, then took him out of the calaboose and held him in custody until late in the evening, when he was released.

The occurrence of the assault upon the conductor had been reported to the management, and he had been instructed to not have any arrest made therefor.

It is urged by appellant's counsel that the conductor, in having the arrest made, acted wholly without authority, either express or implied, and contrary to the regulations and commands of the defendant, and that defendant is not liable therefor.

The defendant was under contract to safely transport the appellee from Pecan Gap to Wolfe City, and he was entitled to protection from injury from the wrongful acts of defendant's servants. The conductor was the representative of the defendant, employed to discharge the duty imposed upon it by virtue of its contract, and the defendant must be held liable for wrongful acts of the conductor which resulted in injury to the appellee. It is immaterial what instructions had been given the conductor by his superiors, for the defendant had intrusted him with the performance of the duty imposed upon it, and it can not avoid liability by showing that the conductor acted willfully and maliciously. Dillingham v. Russell, 73 Texas, 47.

In the case cited, Mr. Stayton, Chief Justice, in discussing the duty of carriers to passengers, says: "It has been steadily held to be the duty of carriers of passengers to protect them, in so far as this can be done by the exercise of a high degree of care, from the violence and insults of the carrier's own servants, and the inquiry whether this duty arises from contract or from the nature of the employment becomes unimportant, except that the duty goes with the carrier's contract, however made, whereby the relation of carrier and passenger is established."

The arrest of the appellee and his expulsion from the train was caused by the wrongful acts of the conductor, and violative of a duty imposed upon the defendant by the contract of carriage it had entered into, which duty the defendant had delegated the conductor to perform. We therefore hold that the defendant is liable for the injury to appellee that proximately resulted from the wrongful act. Railway v. Donohoe, 56 Texas, 162; Railway v. Kinnebrew, 27 S. W. Rep., 531; Railway v. Warner, 49 S. W. Rep., 284; Gillingham v. Railway, 14 S. E. Rep. (W. Va.), 243; Duggan v. Railway, 28 Atl. Rep. (Pa.), 182.

The appellant's counsel asked a charge, which was refused, to the effect that if plaintiff was entitled to recover, the jury could only find damages for a breach of the contract to carry him safely to his destination, but could not recover the damages resulting from the imprisonment and detention after the departure of the train. It is insisted that the refusal to give this charge is error, the contention being that defendant, if

liable, was only liable for the wrongful ejection, and not for the imprisonment and detention after departure of the train.

The evidence shows that the arrest and ejection was clearly unlawful, and was caused by the wrongful acts of the conductor, and the imprisonment and detention were the natural and proximate results of said wrongful acts, and were matters properly to be considered by the jury in reaching a verdict. The authorities above cited support this holding. The charge was properly refused.

It is objected to the court's charge that there was no evidence of damage to appellee by loss of time, and that the court erred in telling the jury they might consider loss of time as an element of damage. It is improper to charge on a phase of a case not supported by evidence, but the appellant is in no attitude to complain in this instance, as its counsel requested a charge embracing the feature here complained of.

Appellant requested a charge that the plaintiff was not entitled to exemplary damages, which was refused. It is claimed that this was error, because the jury were probably misled to the defendant's prejudice by the improper arguments of plaintiff's counsel, wherein they made repeated and persistent appeals to the jury to allow exemplary damages.

The court did not err in refusing this charge, because, upon the request of appellant's counsel, the court charged the jury: "The argument by plaintiff's counsel urging you to render such verdict in this case as will set a precedent and prevent such occurrence in the future, was improper, because your allowance of damages in this case should not be affected by any such consideration, but should be confined strictly to fair compensation for such actual damages as plaintiff sustained, and you will therefore not consider such argument or be controlled by the same." The court, in its main charge, properly confined the consideration of the jury to elements of actual damages. We think the special charge given, taken in connection with the main charge, prevented injury to appellant. Besides, the amount of the verdict to our minds indicates that the jury did not award exemplary damages.

During the progress of the trial of this case, while plaintiff was testifying, it developed that he was only 20 years of age. Thereupon plaintiff's counsel announced that the testimony was a surprise to them, and asked leave to file an amended petition with some one as next friend for plaintiff. Appellant's counsel moved to dismiss the suit because plaintiff was a minor and incapable to sue. The court, on motion of plaintiff, then appointed J. C. Rubell as next friend and guardian ad litem of plaintiff, and permitted a second amended original petition to be filed, in which J. C. Rubell, a resident of Grayson County, sued as next friend of plaintiff, J. G. Conder, minor, and the trial was proceeded with. To this action of the court defendant's counsel duly excepted, and assigns same as error, in that such amendment made a new case and new parties to the suit, and that defendant was not cited to answer a suit by J. C. Rubell, as next friend.

When the court discovered that plaintiff was a minor, it was proper

to appoint a representative for him to prosecute the suit, to the end that his interest might be properly protected. The filing of the amendment with Rubell as next friend did not set up a new cause of action, nor make a new party in the sense that Rubell could recover in his own right. The only recovery that was sought, or could have been had, was for the benefit of the minor, and said minor was the real plaintiff. Railway v. Styron, 66 Texas, 421; Long v. Behan, 19 Texas Civ. App., 325.

Nor do we think it reversible error in not continuing the case in order that defendant might be cited to answer the amended petition. The nature of the action was not changed. No new party had been made that would affect a recovery.

The defendant is not shown to have been surprised, and that it had, or reasonably could have, a better or different defense that it could make by a postponement of the case. No injury is shown to have resulted to defendant. No substantial right of the defendant has been invaded, and to hold the action of the court error would be allowing technicalities to govern instead of sound legal principles.

*Affirmed.*

Writ of error refused.