## RIO BRAVO OIL CO. v. SANFORD et al.
### (No. 6295.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 3, 1919. Rehearing Denied Jan. 7, 1920.)

1. LANDLORD AND TENANT ☞66(2)—GRANTEES OF SUBTENANT CANNOT ACQUIRE TITLE UNDER FIVE-YEAR STATUTE.

Where record title to land was in defendant, and H. obtained and held possession as subtenant of defendant's tenant, plaintiffs who obtained and had recorded a warranty deed from H. and wife could not acquire title by adverse possession; the execution of the deed not being a repudiation of the tenancy, and there being no other repudiation.

2. LANDLORD AND TENANT ☞64—GRANTEE OF SUBTENANT ESTOPPED TO DENY TITLE OF LANDLORD.

A subtenant, like an assignee, is ordinarily precluded from questioning the title of the head landlord.

3. VENDOR AND PURCHASER ☞235—PURCHASER FROM SUBTENANT AT GROSSLY INADEQUATE PRICE CHARGED WITH NOTICE OF TENANCY.

That plaintiffs paid $12 for all the other land of a tract, and paid only $2 for the land in question, indicates they had knowledge that their grantor was selling the land of his landlord, and they were charged with knowledge that he had no record title.

4. ESTOPPEL ☞110 — DEFENSE AVAILABLE UNDER PLEA OF NOT GUILTY IN TRESPASS TO TRY TITLE.

In trespass to try title, defendant could, in view of Rev. St. 1911, art. 7740, under plea of not guilty, invoke defense that plaintiffs claiming through subtenant were estopped to deny defendant's title.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Trespass to try title by J. R. Sanford and another against the Rio Bravo Oil Company and others. Judgment for plaintiffs, and defendant named appeals. Reversed and rendered.

W. B. Teagarden, of San Antonio, and Baker, Botts, Parker & Garwood, of Houston, for appellant.

R. D. Wright, of Eagle Pass, for appellees.

FLY, C. J. This is an action of trespass to try title to about 500 acres of land, being described as being out of four surveys, the only one involved in this appeal being "about 50 acres of land off the southwest end of a

tract known as survey No. 30⅛, certificate No. 54, in the name of the Day Land & Cattle Company, being abstract No. 1238, and being all of said survey south and west of the Eagle Pass-Laredo Road," instituted by J. R. Sanford and W. C. Douglas against appellant and numerous other defendants. The cause was submitted to the court and judgment rendered in favor of appellees for all the land sued for by them. This appeal is prosecuted by the appellant alone.

[1] Appellant entered its disclaimer to all the land except the 50 acres, hereinbefore described, off the southwest end of survey 30⅛. It is agreed that the title to the 50 acres is in appellant unless five years' limitation has been perfected by appellees. Limitation is claimed by appellees under a warranty deed executed to them by O. H. Hector and wife on October 22, 1910, which was duly recorded on November 4, 1910, in the records of Maverick county. Appellees swore that immediately upon the execution of the deed to them they took possession of the land which was inclosed with 450 other acres of land conveyed by the Hectors, and have held continuous adverse possession of the same and paid all taxes accruing up to the time of the filing of the answer of appellant on April 14, 1919.

It is contended by appellant that the uncontroverted facts show that appellees took possession of the land under one O. H. Hector and his tenant, Robert Thompson, who were the tenants of appellant, and that the appellees took possession of the land in subordination to the title of appellant as its tenants and that they have never repudiated such tenancy. C. J. Buckley, a witness for appellant, swore that a number of years ago his father leased the land in question from appellant, and that he and his father used that land and other leased tracts for ranch and dairy purposes, and as it was inconvenient for them to use the 50 acres which was segregated from the rest of the tract by Laredo and Eagle Pass road, and as it lay adjacent to land owned by O. H. Hector, he was given permission, by the father of witness, to fence and use it, which he did. The witness testified:

"Mr. Robert Thompson rented the Hector pasture from Hector a few years, and he used that strip of land referred to, just the same as Hector did, and under the same arrangement; there was never any change from the time their lease, the Buckley, expired and they gave up the lands."

Sanford testified that Thompson was Hector's tenant when appellees bought the land.

The uncontroverted evidence showed that the record title to the land was in appellant and Hector obtained and held possession of the land as the subtenant of Buckley, a tenant of appellant, and there was never a repudiation of the tenancy unless the execution of the warranty deed to appellees was a repudiation of the tenancy.

[2] The following rule is formulated on the subject of preclusion of the tenant to deny the title of the landlord:

"Not only is the original lessee ordinarily precluded from denying the validity of the lessor's title at the time of making the lease, but all persons claiming or holding by, through, or under the lessee are also precluded. Were this not so, it is plain, the rule of preclusion would be of little benefit to the landlord. In accordance with principle, the assignee of the lessee is precluded to the same extent as the lessee himself from denying the lessor's title. And the fact that the assignment purports to transfer a fee-simple interest is immaterial in this connection. * * * A subtenant, like an assignee, is ordinarily precluded from questioning the title of the head landlord." Tiffany Land. & Ten. pp. 486 and 487.

The doctrine of the text has been sustained by many decisions in different states of the Union, among the number, those of Texas, some of which will be reviewed by this court.

In the case of Reichstetter v. Reese, 39 S. W. 597, in which a writ of error was denied by the Supreme Court, a tenant conveyed the land to Reichstetter and possession was delivered to him, and it was held that Reichstetter could not perfect a title by limitation under the possession given by the tenant.

In the case of Werts' Heirs v. Vick, 203 S. W. 63, appellants owned the record title and appellee claimed by limitation based on a deed which came through several conveyances down to him from one J. H. Carter, who was a tenant of the father of appellants. Carter, while in possession, had obtained an invalid tax deed to the land and had sold to one Timmons, who conveyed it to other parties, and it eventually was conveyed to Vick, in 1915, who was claiming by limitation. The court held that registration of the different deeds was not notice to the landlord of repudiation of the tenancy and adverse claim of the tenant, and that ruling is sustained in the case of Udell v. Peak, 70 Tex. 547, 7 S. W. 786, which also held that before a tenant can dispute landlord's title and invoke the statute of limitations he must repudiate tenancy and notify the landlord of the fact. In the Werts-Vick Case it was held that, there being no notice of the repudiation of the tenancy to the landlord, limitation did not begin to run against him. It was also held that all entering possession under the tenant or lessee occupy the same position as the original tenant and are estopped to deny that the possession acquired was that of the landlord, and further that taking possession under a warranty deed from the tenant would not alter the position of the grantee. The case is well sustained by both text-books and decisions. Underhill, Land. & Ten. § 565; Cones, Land. & Ten. § 699; Cobb v. Robertson, 99 Tex. 138, 86 S. W. 746, 87 S. W. 1148, 122 Am. St. Rep. 609; Buford v. Wasson, 49

Tex. Civ. App. 454, 109 S. W. 275; Richardson v. Oil Co., 176 S. W. 628.

[3] When appellees bought from Hector, they were charged with knowledge that he had no record title to the land, and proper inquiry would have revealed to them that he was a tenant selling the land of his landlord. The fact that they paid $12 for all the other land and paid only $2 an acre ·for the land in controversy indicates a knowledge on their part of the facts.

[4] It is contended by appellees that appellant cannot invoke the defense of estoppel as to his tenants because estoppel was not pleaded, but that contention is met and overthrown by article 7740, Revised Statutes, which provides that—

"Under such plea of 'not guilty,' the defendant may give in evidence any lawful defense to the action, except the defense of limitation, which shall be specially pleaded."

The statute is so construed by the Supreme Court. Mayer v. Ramsey, 46 Tex. 371; Wright v. Doherty, 50 Tex. 34; McDow v. Rabb, 56 Tex. 162; Scarbrough v. Alcorn, 74 Tex. 358, 12 S. W.·72; Parker v. Cockrell, 31 S. W. 221. Appellant pleaded not guilty.

The judgment is reversed, and judgment here rendered that appellees take nothing by their suit and appellant recover the possession of the 50 acres of land described by metes and bounds ·in the petition and all costs in this and the lower court expended.